**Pedro ESPINO et al.**

**v.**

**VOLKSWAGEN de PUERTO RICO, INC.**

**Civ. No. 828–67.**

United States District Court
D. Puerto Rico.
Sept. 27, 1968.

Francisco Aponte-Pérez, Santurce, P. R., for plaintiffs.

McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

## MEMORANDUM OPINION

FERNANDEZ - BADILLO, District Judge.

This case is presently before the Court on the petition of plaintiffs to remand which was called for hearing on February 16, 1968. Statement of counsel for both parties was heard and the matter was to be submitted upon filing simultaneous memoranda. Such briefs have been filed and the Court is now duly advised in the premises.

Plaintiffs commenced this action in the Superior Court of the Commonwealth of Puerto Rico, San Juan Section, alleging that on September 25, 1967 an arbitrator of the Department of Labor of Puerto Rico rendered an award on the controversy concerning the manner of liquidating the commissions earned by defendant's salesmen during the year 1966. Attached to the complaint was a copy of the arbitrator's award rendered on the labor grievance voluntarily submitted to arbitration in accordance with the terms of the collective bargaining agreement. The arbitrator decided that the Company, defendant herein, should pay to each salesman the amount of $12.50 for each refund of $50.00 received by the Company in the units sold in 1966 by each salesman. The arbitrator's award states that the refund or bonus of $50.00 received by defendant Volkswagen de Puerto Rico, as dealer, from its principal, Volkswagen del Caribe, was a financial profit to defendant for each unit sold in 1966 which was not shared by the salesmen. It is further stated that there was no reason for not allowing the salesmen to participate in such benefits since defendant company did not comply in 1966 with the contractual obligation stipulated in the collective bargaining agreement which requires that any increase in the cost of the units which may affect the gross profit established for the liquidation of commissions to be paid to the salesmen shall be informed to the Committee on Ethics and Negotiation. According to the award, in 1966 the gross profit per unit was reduced in the amount of approximately fifty dollars. The award is set forth ad verbatim in allegation number two of the complaint. Plaintiffs allege that defendant owes them an approximate sum of $14,987.50 for commissions earned and not paid in accordance with the terms of the award and seek judgment for this sum plus an equal amount for additional compensation. Plaintiffs are members of the Union and beneficiaries of the arbitrator's award. At no point in their complaint

do they invoke any state or federal statute on their behalf.

Defendant removed to this court on the basis that the cause of action is in the nature of one seeking enforcement of an arbitrator's award under a collective bargaining agreement and presents a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Labor Management Relations Act, 29 U.S.C. § 185(a), thereby setting forth a claim of which this court has original jurisdiction, removable under the provisions of 28 U.S.C. § 1441. The allegation contained in the removal petition concerning the status of the union as "representing employees in an industry affecting commerce" stands undisputed. Plaintiffs have filed a motion to remand alleging for the first time that their action is pitched on the right granted by Section 30(a) of the Minimum Wage Act of Puerto Rico, Law 96 of June 26, 1956, 29 L.P.R.A. § 246b(a)[1] and under 32 L.P.R.A. § 3118 et seq. which provides for a summary proceeding in wage claims. In their brief, plaintiffs allege that defendant failed to comply with the award and that they brought this action to recover the unpaid amount, plus the liquidated damages and attorney's fees under local law. Notwithstanding their acceptance of the fact that defendant failed to comply with the award, included as an integral part of the complaint, plaintiffs, in their brief, insist that "the award allegation, is at most, a superfluous, unnecessary and surplusage allegation" and that "the present wage claim can stand independently of the award allegation". It is further contended that their wage claim

grants defendant a de novo opportunity to litigate the issues determined in the award.

(1) As defendants urge the plaintiffs have pleaded a claim founded squarely upon the arbitration award and stemming from the arbitration proceedings had between the union and the employer in accordance with the collective bargaining agreement. The established rule in removal proceedings is to look to the complaint to determine whether a *federal right or immunity is an essential* element of the cause of action. Minkoff v. Scranton Frocks, Inc. (D.C.S.D.N.Y. 1959) 172 F.Supp. 870; Fay v. American Cystoscope Makers (D.C.S.D.N.Y. 1951) 98 F.Supp. 278; Prospect Dairy, Inc. v. Dellwood Dairy Co. (D.C.N.D. N.Y.1964) 237 F.Supp. 176. Removal is proper in cases where the face of the complaint discloses a basic federal question. Gully v. First Nat. Bank (1936) 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. However it has been held that where federal jurisdiction hinges on the parties, or one of them, having a particular status, the court may look beyond the complaint to ascertain that status. Fay v. American Cystoscope Makers, supra.

Thus, in the *Fay* case, where the claim arose under § 301 of the Taft-Hartley Act, the court allowed defendants to show the affecting commerce status of the plaintiff and in *Minkoff*, also a § 301 action, it considered the allegation contained in the removal petition as to plaintiff's status being one of "representing employees in an industry affecting commerce[2]."

That plaintiffs are members of a union representing employees in an industry affecting commerce is not disputed in the present motion and is expressly al-

1. "Every laborer or employee who receives for his work a compensation lower than that fixed in sections 245-246m of this title or in a mandatory decree, order or regulation of the Minimum Wage Board, or in a collective bargaining agreement or in an individual labor contract shall be entitled to recover through a civil action the unpaid difference up to the total amount of the compensation to which

he is entitled, plus an amount equal to the unpaid amount, as an additional compensation, besides the costs, expenses, interest, and attorney's fees in the proceedings, said fees to be a reasonable amount in no case less than fifty (50) dollars, all this irrespective of any agreement to the contrary."

2. 29 U.S.C. § 185.

leged in the petition for removal. What plaintiffs deny is that jurisdiction is vested in this court by virtue of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). They contend in their brief that the complaint can retain its validity and effectiveness with an amendment to it eliminating the award allegation.

■■■ (2) Plaintiff's position is erroneous and I am inclined to follow the view expressed in Hedges v. Rudeloff (D.S.C.D.Tex., 1961) 196 F.Supp. 475 that "when a court has before it a motion to remand, the pleadings at the time of removal are the ones the Court has before it." Amendments sought to cure defects fatal to the right to remand are not permitted to circumvent jurisdiction previously acquired at the time of removal.[3] Jacks v. Torrington Company (D.C.S.C.1966) 256 F.Supp. 282.

■ The Court finds that the crux of plaintiffs' case is the enforcement of an arbitrator's award which defendant has failed to comply with. This, unquestionably is what plaintiffs set forth in their complaint. The fact that it has been characterized by plaintiffs as a wage claim brought exclusively under local law does not bar removal. It is the real nature of the claim and not the characterization given it by plaintiff which must govern the determination as to removability. Produce Terminal Realty Corp. v. New York, N. H. & H. R. Co. (D.C.Mass.1953) 116 F.Supp. 451.

■■ (3) It remains to be seen whether a proceeding to enforce the award of an arbitrator is within the jurisdictional scope of § 301(a) and, if so, whether plaintiffs, as individual employees, have standing to bring a suit which arises under § 301.

In the case of United Steelworkers v. Enterprise Wheel & Car Corp. (1960) 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 cited in Smith v. Evening News Assn. (1962) 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246, the Supreme Court affirmed the District Court's judgment[4] which held that it had jurisdiction under § 301 in a suit to obtain specific enforcement of an arbitrator's award ordering reinstatement and back pay to individual employees. Concerning the matter of the employees' standing to sue it is clear that § 301 extends to suits brought by employees as well as to suits brought by unions. This question of standing was settled in the *Smith* case, supra, where the Court at page 200, 83 S.Ct. at page 270 said:

"The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do.

"The same considerations foreclose respondent's reading of § 301 to exclude all suits brought by employees instead of unions. The word 'between,' it suggests, refers to 'suits' not 'con-

---

**3.** "It is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the complaint by amendment." Jacks v. Torrington Company, supra, at page 287.

**4.** Except that it was modified so that the amounts due could be definitely determined by arbitration.

tracts,' and therefore only suits between unions and employers are within the purview of § 301. According to this view, suits by employees for breach of a collective bargaining contract would not arise under § 301 and would be governed by state law, if not preempted by *Garmon* [San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775], as this one would be, whereas a suit by a union for the same breach of the same contract would be a § 301 suit ruled by federal law. Neither the language and structure of § 301 nor its legislative history requires or persuasively supports this restrictive interpretation, which would frustrate rather than serve the congressional policy expressed in that section."

■ (4) There is only one point, in the light of certain contentions in plaintiffs' brief, that should be emphasized. In sustaining that this action was properly removed this Court is not holding that jurisdiction under § 301(a) is spelled in terms of exclusivity of federal court jurisdiction which divests state courts of jurisdiction. Had this action not been removed to this forum the state court could have proceeded to enforce the rights involved. It couldn't be otherwise in the light of the Dowd Box Co. v. Courtney case, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, which affirms the "consistent history of hospitable acceptance of concurrent jurisdiction" in § 301 suits. However, to hold that because concurrent jurisdiction exists the right to removal is defeated is an indefensible position. As stated in Swift & Company v. United Packinghouse Workers (D.C.Colo.1959) 177 F. Supp. 511:

"A reading of Section 301(a) clearly shows that Congress has not given the federal courts exclusive jurisdiction. Also, a reading of the statute shows that Congress has not expressly prohibited removal of a cause that was commenced in a state court."

See also Johnson v. England (9th Cir. 1966) 356 F.2d 44, cert. den. 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673.

For the reasons expressed herein, the Court is of the opinion that plaintiffs' cause of action was properly removed and the motion to remand is, therefore, denied.

It is so ordered.