Anna GUARACINO

v.

COMMUNICATIONS WORKERS OF AMERICA, LOCAL 2552
and
American Telephone and Telegraph Co., Inc.

Civ. A. No. 71–1208.

United States District Court,
E. D. Pennsylvania.

Aug. 20, 1971.

S. Regen Ginsburg, Philadelphia, Pa., for plaintiff.

Richard Markowitz, Philadelphia, Pa., for Local Union No. 2552, Communication Workers of America.

**680**

Arthur R. Littleton, Philadelphia, Pa., for American Telephone and Telegraph Co., Inc.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

Before the Court is plaintiff employee's motion to remand pursuant to the authority of 28 U.S.C. § 1447.[1]

Plaintiff originally instituted this suit in equity against her employer (Employer) and her union (Union) in the Court of Common Pleas of Philadelphia County. She alleged that as a result of a work-related injury and consequent leave of absence, her Employer improperly discharged her, deprived her of certain disability, pension, and/or retirement benefits and denied her reinstatement. As against her Union, she asserted failure to complete the prosecution of these claims in her behalf.

Defendant Union removed the action asserting that this Court has original jurisdiction over such suits under the Labor-Management Relations Act § 301, 29 U.S.C. § 185 (1964).[2] Sub-section (a) of this Act states:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ Plaintiff contends that the claims asserted in her complaint are not cognizable under § 301 that, consequently, the removal was without jurisdiction, and therefore, remand is mandated. This argument misconceives the bases of her claims in two ways. First, all the relief plaintiff seeks as against her Employer flows from the existence and viability of the terms of an agreement negotiated between plaintiff's Union as her bargaining representative and her Employer.[3] Plaintiff, at no time, has suggested relief bottomed on any individual agreement between herself and her Employer. Secondly, the plain meaning of plaintiff's allegation that the Union has failed to process her claims or represent her, leads to the inescapable conclusion that any rights plaintiff possesses against her Union arise from the Union's status as her bargaining representative and its concomitant "statutory duty of fair representation". Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It is well settled that both the enforcement of collective bargaining agreements and the redress for breach of a union's duty of fair representation are within the ambit of § 301. Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473; Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Vaca v. Sipes, *supra*.

■ Plaintiff contends that even if her cause of action is one within the provisions of § 301, that Act does not give the federal courts exclusive jurisdiction and that plaintiff is entitled to her choice of forum. Plaintiff is correct when she asserts that state courts retain concurrent jurisdiction to adjudicate § 301 claims. Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). However, it cannot be fairly argued that because there is concurrent jurisdiction over the subject matter of this action, removal to the federal court is improper and remand therefore appropriate. Under § 1441 of 28 U.S.C.

1. § 1447(c) reads in part: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. * * *"

2. Defendant Employer joined in Union's motion to remove.

3. The complaint specifically refers to sections of the collective bargaining agreement and attaches portions as an exhibit to the complaint.

there is absolute authority for removal when the state court action could have originally been brought in federal court.[4]

Having decided that plaintiff's claims fall within the scope of § 301, thereby setting forth a claim of which this Court has original jurisdiction, this action was properly removed under 28 U.S.C. § 1441 and remand, therefore, will be denied.

4. 28 U.S.C. § 1441 reads: "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. * * *."