UNITED PAPERMAKERS AND PAPER-WORKERS et al.

v.

PENNTECH PAPERS COMPANY, INC.

Civ. A. No. 72-72.

United States District Court,
W. D. Pennsylvania,
Erie Division.

June 14, 1973.

Louis B. Kushner, Pittsburgh, Pa., Louis H. Wilderman, Philadelphia, Pa., for plaintiffs.

John W. Ohlweiler, New York City, Raymond G. Hasley, Pittsburgh, Pa., for defendant.

OPINION AND ORDER DENYING PETITION FOR COUNSEL FEES AND EXPENSES AND DISMISSING ACTION WITHOUT PREJUDICE

KNOX, District Judge.

The only issue remaining before the court for decision in this suit by a union against its employer under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) is a petition for Counsel Fees presented by counsel for the union.

The suit was originally brought by a union claiming that the employer was threatening to violate the provisions of the hourly employees retirement plan, payments to which the employer was bound to continue under the terms of the union contract. On August 8, 1972, the employer sent the union a letter stating it was in precarious financial condition and indicated that it intended to fund the retirement plan by purchasing annuities and recapture to itself the excess monies in the plan which were not required in order to purchase annuities to fund the plan. This apparently was possible because the plan was overfunded. The employer claims the right to determine the amount of excess monies under the provisions of Section 9(2) of the plan which provided for the return of excess assets existing because of an erroneous actuarial computation to the company.[1]

The union, contending that the employer was attempting to violate the provisions for payments to the plan contained in the union agreement, brought this suit for an injunction against the company in this court. Soon after suit was brought, the parties entered into lengthy negotiations the result of which was that the company eventually withdrew its demands for the excess assets in the fund or rather agreed to postpone them until June 10 1973, when the present collective bargaining agreement is open for renegotiation. It was agreed between the parties that the court could enter an order dismissing the case without prejudice, subject however to the right of plaintiff's counsel to petition for allowance of counsel fees in connection with the suit. Liability for such counsel fees was denied and is being contested by the company. A petition for allowance of fees was thereupon filed, hearings have been held and the matter is now before the court for disposition.

The plant of the company is located at Johnsonburg, Elk County, Pennsylvania, within this judicial district and it appears that the local and its trustee ad litem are likewise located in Elk County and thus we would ordinarily look to the Law of Pennsylvania for resolution of this controversy were it not for the fact that we are dealing here with a collective bargaining agreement which is subject to the enforcement by the Federal Courts under Section 301 of the Labor Management Relations Act (29 U.S.C. 185(a)).[2]

■ There seems little doubt that if we were governed entirely by Pennsylvania Law, the petition for counsel fees would clearly have to be denied. Pennsylvania Law assesses counsel fees in legal proceedings in two situations only: (1) where a statute provides for counsel fees to the winning party and (2) where counsel have, by their labors, preserved or created a fund and it is just that the other persons interested in the fund contribute to the counsel fees and not get a free ride. See Trimble's Estate, 392 Pa. 277, 140 A.2d 609 (1958). Hempstead v. Meadville Theological Seminary, 286 Pa. 493, 134 A. 103 (1926). The basis for this exception to the general rule that a party must assume the burden of its own counsel fees and expenses is to prevent unjust enrichment.

If this reasoning were applied to this case, it would not afford a basis for

---

1. "The Plan may be terminated at any time by the Board of Directors, in which event all of the assets of the Plan shall be used for the benefit of members, retired members and their beneficiaries under the Plan, and for no other purpose *except that such excess assets as may exist because of an erroneous actuarial computation may be returned to the Company.*" (Emphasis added.)

2. "*Suits by and against labor organizations —Venue, amount, and citizenship.*

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

assessing counsel fees against the defendant for in such cases the counsel fees should be paid from the fund, in this case the hourly retirement plan. But that is not what plaintiff's counsel are seeking here. They are seeking rather to have their bill paid by the defendant.

Pennsylvania Law, however, is not controlling, this being a suit in Federal Court pursuant to an Act of Congress. It is true that the Act of Congress in question being the Labor Management Relations Act does not specifically provide for an award of counsel fees in a suit under Section 301. But, on the other hand, it does not forbid it.

We have very recent guidance from the United States Supreme Court in this situation in the decision in Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702, May 21, 1973. There the court upheld an award of counsel fees in a suit under Section 102 of the Labor Management Reporting and Disclosure Act (LMRDA) where a suit was brought by a union member to vindicate his own rights of free speech and those of others as well when he was expelled from the union. The court per Mr. Justice Brennan expounded at length on the two situations where Federal Courts, in the exercise of their equitable powers, award attorney's fees when the interests of justice so require:

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. Indeed, the power to award such fees 'is part of the original authority of the chancellor to do equity in a particular situation,' Sprague v. Ticonic National Bank, 307 U.S. 161, 166, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939), and federal courts do not hesitate to exercise this inherent equitable power whenever 'overriding considerations indicate the need for such a recovery,' Mills v. Electric

Auto-Lite Co., 396 U.S. 375, 391–392, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970); see Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed. 2d 475 (1967).

"Thus, it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' 6 Moore's Federal Practice 1352 (1966 ed.); see, e. g., Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Bell v. School Bd. of Powhatan County, 321 F.2d 494 (CA4 1963); Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (CA 4 1951). In this class of cases, the underlying rationale of 'fee-shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant.

"Another established exception involves cases in which the plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.' Mills v. Electric Auto-Lite, supra, 396 U.S., at 393–394, 90 S.Ct., at 626. 'Fee-shifting' is justified in these cases, not because of any 'bad faith' of the defendant but, rather, because '[t]o allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.' "

It is still true that an award of attorney's fees against an adverse party is "highly unusual" and is "clearly reserved for exceptional cases". Kahan v. Rosenstiel, 424 F.2d 161 (3d cir.

1970). As previously pointed out, the preservation or creation of the common fund doctrine is not applicable to this case. This leaves us only the "bad faith" exception to the rule against allowance of counsel fees. This was the basis upon which such fees were awarded and the award sustained in Hall v. Cole, supra. On the one hand, numerous courts have denied counsel fees where no bad faith was found. See Local 149 v. American Brake Shoe Company, 298 F.2d 212 (4th Cir. 1962); International Union District 50 v. James Julian Inc., 341 F.Supp. 503 (M.D.Pa.1972). On the other hand, where the contractual obligations are clear and the employer perversely refuses to comply bad faith was found and attorneys fees awarded. United Steelworkers v. Butler Manufacturing Co., 439 F.2d 1110 (8th cir. 1971) where the interpretation of the award made a mockery of it and of the principles of arbitration. See decision by Judge Teitelbaum of this court in Local 4076, United Steelworkers v. United Steelworkers, 338 F. Supp. 1154 (W.D.Pa.1972).

We then turn to the question as to whether in this case such bad faith is present in institution or defense of a case "vexatiously, wantonly or for oppressive reasons" (see Hall v. Cole supra) as to move the court in the exercise of its discretion to award counsel fees to the winning party.

We should first observe that in a strict sense there is no winning party here. The litigation has not been determined. All that has happened is that the defendant has elected for the present time not to pursue its original collision course and has decided to retreat and prepare to fight another day. Hence, defendant agreed that the case be dismissed without prejudice. On the other hand, we do give credit to plaintiff's counsel for instituting this suit and probably deterring the defendant from pursuing its proposed course of action at the present time.

We do not now wish to express ourselves on the merits of the contentions of the respective parties which are not and never have been to this date before the court for final determination. It may be that at some future time they will be before the court. But until then we do not want to say anything as to the relative merits of the position of either party.

For the present, all that is necessary is to determine whether the position of the company in attempting to fund this plan with annuities and recapture for itself the excess of assets claimed to exist could be said to be brought vexatiously, in bad faith, and without any basis for such a contention.

A mere examination of Section 9(2) of the hourly employees retirement plan hereinbefore set forth in footnote 1, would indicate that the company's position was not entirely without arguable merit and can by no means be described as frivolous. It may not be well taken in the final decision of the matter but as the court sees it in making a determination whether the position was taken in bad faith we have to make an appraisal as to whether there was any colorable argument at all to defendant's position —was there any arguable merit at all on defendant's side? The court unhesitatingly finds that the defendant's position was not on the face of things taken in bad faith in the light of the provisions of the retirement plan. It may be in the end the court will determine the company's position is not well founded in the light of the existence of the collective bargaining agreement and other circumstances but that does not necessarily mean that the company's position was without any reasonable basis or foundation whatsoever. The court conceives that such a determination must be made in order to attach the label of "bad faith" to the defendant.

For these reasons, we will deny the petition for counsel fees.