Barry L. SHEEDER, Plaintiff,

v.

EASTERN EXPRESS, INC., a corporation, and Joint Area Council 40 Joint Area Grievance Committee, Western Pennsylvania Motor Carriers Association, Defendants.

Civ. A. No. 73–1040.

United States District Court,
W. D. Pennsylvania.

April 26, 1974.

---

H. Reginald Belden, Jr., Greensburg, Pa., for plaintiff.

Martin Lubow, Pittsburgh, Pa., for defendants.

## OPINION AND DECREE

SNYDER, District Judge.

This proceeding began as a Complaint in Equity in the Court of Common Pleas of Westmoreland County, Pennsylvania. In the original action the Plaintiff requested injunctive relief from the Court which would reinstate the Plaintiff to his position at Eastern Express, Inc. (Eastern), damages for wages and other fringe benefits lost by the Plaintiff from the date of his alleged wrongful discharge, and punitive damages for the wrongful discharge; he further sought that the Joint Council Committee be required to hold a hearing on the grievance filed by the Plaintiff.

On December 15, 1972, the Plaintiff, while operating a tractor-trailer rig within the scope of his employment for the Defendant Eastern, was apparently involved in an accident. On January 20, 1973, the State Police charged Sheeder with violating the Motor Vehicle Code of the Commonwealth of Pennsylvania in failing to exhibit his operator's license and registration number to the operator of the other vehicle, and in failing to immediately stop his vehicle at the place and scene of the accident in which he was allegedly involved. On January 15, 1973, after some investigation by Eastern representatives, Sheeder was informed by Eastern that his services were terminated, effective January 16, 1973.

The Plaintiff instituted a grievance procedure under the Collective Bargaining Agreement which finally led to a hearing before the Joint Area Grievance Committee (composed of representatives of the Employer and the Union) on March 14, 1973.

The following appears in the Findings of the Joint Council Committee:

*"Union Position*: The Grievant, Barry L. Sheeder, claimed he was unjustly discharged on 1/16/73 for a hit and run accident on Rt. 22 at Cresson, Pa. Driver not convicted of a hit and run accident as of this date.

*Employer Position*: The Company stated the Grievant struck a parked tractor trailer unit with his trailer resulting in $1,000 damage. Grievant didn't report accident, and had been stopped three times by the State Police notifying him of an accident.

*Decision*: The Committee ruled that, based on the facts presented, the claim of the Union is denied."

The Complaint alleges that at the hearing the Plaintiff was informed that if additional evidence concerning the guilt or innocence of the Plaintiff came to the attention of Local 30 that the Local Union would again request review by the Defendant. The Plaintiff here was tried by a jury in Cambria County, Pennsylvania, on June 21, 1973, and a verdict of not guilty was rendered by the jury. The Plaintiff immediately contacted representatives of Local 30, who informed the Joint Council Committee that Sheeder proposed to present new evidence concerning his innocence, i. e., the not guilty verdict. A hearing was scheduled by the Joint Council Committee for August 9, 1973, and Sheeder alleges that the Committee still "failed, neglected and refused to hear any evidence concerning the innocence of the plaintiff on the criminal charges upon which their previous decision was based; thereby exhausting plaintiff's administrative remedies." He claims that this

action of the Joint Council Committee was without due process of law and in violation of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania, by which action he was caused to suffer monetary damages.

## I. PLAINTIFF'S MOTION TO REMAND

 Plaintiff in this case has filed a Motion to Remand and takes the position that the Federal District Court has no jurisdiction as this is an action essentially for the unlawful discharge of an employee.

Under the Act of June 25, 1948, Chapter 646, 62 Stat. 937 (28 U.S.C. § 1441), actions are removable generally:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . ."

The Defendants contend that the Federal District Court does have jurisdiction because the action is founded on a claim arising under the laws of the United States, i. e., it is based upon and requires an interpretation of Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). This Section provides as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be

brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The effect of this Section, both jurisdictionally and substantively, is very clearly set forth in a footnote by District Judge Frank A. Kaufman writing for the Circuit in Thomas v. Consolidation Coal Company, 380 F.2d 69 (4th Cir. 1967), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599, rehearing denied, 389 U.S. 1059, 88 S.Ct. 768, 19 L.Ed.2d 862 (at p. 76):

"7. It is completely clear that section 301(a) is both jurisdictional and substantive—that it gives federal courts jurisdiction while at the same time authorizing them 'to fashion a body of federal law for the enforcement of * * * collective bargaining agreements * * *.' Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957). The substantive law to be applied in suits under section 301(a) 'is federal law, which the courts must fashion from the policy of our national labor laws.' Id. at 456, 77 S.Ct. at 918, accord, Vaca v. Sipes, 386 U.S. 171, 174, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Jurisdiction of state courts over suits for violation of collective bargaining agreements is not, however, divested by section 301(a). Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). The jurisdiction of state and federal courts over suits for violation of collective bargaining contracts is concurrent. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Local 174 etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Where, however, litigation brought in a state court is 'within the purview of § 301(a),' the substantive law which the

state court must apply is federal. Local 174 etc. v. Lucas Flour Co., supra, 369 U.S. at 102–104, 82 S. Ct. 571. 'The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute.' Id. at 103, 82 S.Ct. at 576. There is no doubt that a suit, such as the instant one, which charges the employer with a breach of the collective bargaining contract in wrongfully discharging employees and which charges the union with a violation of the duty of fair representation is a suit within the purview of section 301(a) and which is thus governed by substantive federal law. Vaca v. Sipes, supra; Humphrey v. Moore, supra; Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L. Ed.2d 246 (1962). Since any suit within the purview of section 301(a) will involve questions of federal labor law, a party to such a suit may petition for certiorari to the United States Supreme Court. See, e. g., Local 174, etc. v. Lucas Flour Co., supra, 369 U.S. at 98, 82 S.Ct. 571."

Having determined that jurisdiction is concurrent in both the State Court and the Federal Court, we must then rule upon the Motion to Remand in the light of Title 28 U.S.C. § 1441, which reads as follows:

"§ 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. June 25, 1948, c. 646, 62 Stat. 937."

The argument that because there is concurrent jurisdiction over the subject matter removal to the Federal Court is improper and therefore remand would be appropriate, cannot be accepted in the present situation before this Court. Under Section 1441, authority for removal is found when the State Court action could have originally been brought in Federal Court. As stated in Swift & Company v. United Packinghouse Workers, 177 F.Supp. 511 (D.C.Colo.1959) at p. 514:

"A reading of Section 301(a) clearly shows that Congress has not given the federal courts exclusive jurisdiction. Also, a reading of the statute shows that Congress has not expressly prohibited removal of a cause that was commenced in a state court. The Court, therefore, is of the opinion that plaintiff's cause for damages for breach of the agreement was properly removed to this Court." [Citations omitted]

The holding of the Supreme Court in Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483, affirms the "consistent history of hospital acceptance of concurrent jurisdiction" in Section 301 suits. Volkswagen de Puerto Rico, Inc. v. Puerto Rico Lab. Rel. Bd.,

454 F.2d 38 (1st Cir. 1972); Guaracino v. Communication Workers of Amer., Loc. 2552, 330 F.Supp. 679 (E.D.Pa. 1971); Espino v. Volkswagen de Puerto Rico, Inc., 289 F.Supp. 979 (D.Puerto Rico 1968). Since the jurisdictional basis under Section 301 is concurrent, does Plaintiff's cause of action arise under this Section? Although Plaintiff's original Complaint was in equity seeking relief for improper discharge, we can and must conclude that his law suit arises under Section 301. As stated in Espino v. Volkswagen de Puerto Rico, Inc., *supra* (289 F.Supp. at 982):

> "The Court finds that the crux of plaintiffs' case is the enforcement of an arbitrator's award which defendant has failed to comply with. This, unquestionably is what plaintiffs set forth in their complaint. The fact that it has been characterized by plaintiffs as a wage claim brought exclusively under local law does not bar removal. It is the real nature of the claim and not the characterization given it by plaintiff which must govern the determination as to removability. Produce Terminal Realty Corp. v. New York, N.H. & H.R. Co. (D.C.Mass. 1953) 116 F.Supp. 451."

> \* \* \* \* \* \*

> "The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of § 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do."

Furthermore, the Court in *Espino* accepted with approval the holding of the Supreme Court in United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), which is equally applicable in the present situation.

Having decided that the Plaintiff's claims fall within the scope of Section 301, 29 U.S.C. § 185, thereby setting forth a claim over which this Court has original jurisdiction, this action was properly removed under 28 U.S.C. § 1441 and remand, therefore, will be denied.

## II. MOTION OF DEFENDANT, EASTERN EXPRESS, INC., FOR SUMMARY JUDGMENT.

Eastern Express, Inc., the employer, has moved the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure to enter Summary Judgment in its favor and to recover its costs.

The Plaintiff admits in his Complaint that he, Barry L. Sheeder proceeded, with the help of the Union, through the proper grievance procedures to a point that a meeting was held by the Teamsters and Employers Joint Area Committee on March 14, 1973, and a decision was made which denied the grievance. It is noted in the decision of the Joint Area Committee that "Driver not convicted of a hit and run accident as of this date." Furthermore, the Company stated that "the Grievant struck a parked tractor trailer unit with his trailer unit resulting in $1,000 damage. Grievant didn't report accident, and had been stopped three times by the State Police notifying him of an accident." The decision then was that "The Committee ruled that, based on the facts presented, the claim of the Union is denied."

There is no dispute that the Collective Bargaining Agreement stated that the award of the Joint Area Committee is "final and binding upon the parties to the grievance." (National Master Freight Agreement, Article 46, Section 1(i)). As was stated by the Third Circuit in Local 616, Int. U. of E., R. & M. Wkrs. v. Byrd Plastics, Inc., 428 F.2d 23 (1970) at page 25:

"The 'final and binding' clause of the collective bargaining agreement refers to 'matters properly before' the arbitrator."

\* \* \* \* \* \*

"A clause stating that a decision of an arbitrator is 'final and binding' is no doubt intended to establish a principle similar to that of *res judicata,* and to bar reconsideration of the disputes fully decided on the merits."

In Boys Markets v. Retail Clerks Union, 398 U.S. 235, at 242, 90 S.Ct. 1583, at 1588, 26 L.Ed.2d 199 at 205–206 (1970), Mr. Justice Brennan stated:

". . . Subsequently in the Steelworkers Trilogy we emphasized the importance of arbitration as an instrument of federal policy for resolving disputes between labor and management and cautioned the lower courts against usurping the functions of the arbitrator."

■ Thus, as here, where there was a hearing on the merits and the Joint Area Committee clearly showed it dismissed the case on the merits, then the decision is "final and binding" and there is a very narrow criteria for review. As was stated in Price v. International Bro. of Teamsters, Etc., 457 F.2d 605 (3rd Cir. 1972) (at p. 611):

"Because the decision then was appropriately reserved for the judgment of the Joint Committee, the result it reached will not be overturned unless dishonest, capricious or beyond its authority under the collective bargaining agreement. General Drivers, Warehousemen & Helpers Local Union, No. 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963), United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); San Francisco-Oakland Newspaper Guild v. Tribune Publishing Co., 407 F.2d 1327 (9th Cir. 1969); Ludwig Honnold Manufacturing Co. v. Fletcher, 405 F.2d 1123 (3d Cir. 1969). Appellants have not contended that dovetailing is not a rational solution to the problem presented when there is a transfer of men from one terminal to another. It is clear that dovetailing is an alternative that has been considered and used before. See Humphrey, *supra* [Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370]; *Bieski, supra* [Bieski v. Eastern Automobile Forwarding Co., 3rd Cir. 1968, 396 F.2d 32].

We find nothing presented by the appellants to substantiate their charge that their bargaining representative failed to live up to its duty of fair representation of their interests. While the union must give appellants' local officers an opportunity to make their case and then decide the question honestly and impartially, *Bieski, supra,* at 38, we believe they performed their required duties in this case. The record shows that the various committees that considered the problem gave full and protracted consideration to the arguments of both sides. There is no showing that there was any bad faith or discrimination on the part of those who made the final decision. See Fuller v. Highway Truck Drivers and Helpers Local 107, 428 F.2d 503 (3d Cir. 1970)."

See also: Gateway Coal Co. v. United Mine Workers of America, 466 F.2d 1157 (3rd Cir. 1972); H. K. Porter Co. v. United Saw, File & Steel Prod. Wkrs., 333 F.2d 596 (3rd Cir. 1964); Interna-

tional Bro. of Broiler, Etc., No. 347 v. Trailmobile, 357 F.Supp. 536 (E.D.Pa. 1973), and Donley v. Motor Freight Express, Inc., 344 F.Supp. 290 (W.D.Pa. 1972), affirmed, 481 F.2d 1398 (3 Cir.).

In the present case, the substantive arguments of the Plaintiff, Barry L. Sheeder, were considered before the contractually created Arbitration Panel on March 14, 1973, and the Panel found against him. The Motion of Eastern for Summary Judgment must be granted.

As Counsel for the Plaintiff has agreed that in the event the Court retained jurisdiction of this case, the action must be dismissed as against the Western Pennsylvania Motor Carriers Association for the reason that they are not a proper Defendant and as against the Joint Area Grievance Committee for the reason that it is not an entity which can be sued; the Complaint will be dismissed as to both of these Defendants.

Defendant Eastern seeks also the reasonable costs and legal fees that it has incurred in this lawsuit. Since Defendant Eastern neither alleges nor offers any proof of bad faith or arbitrary action on the part of the Plaintiff, this request will be denied. See United Papermkrs. & Paperwkrs. v. Penntech P. Co., Inc., 360 F.Supp. 236 (W.D.Pa. 1973). Although a District Court may in a proper case award costs and attorney's fees against a party who, without any justification, refuses to abide by an arbiter's award, this situation did not occur in the present lawsuit before the Court. See Local No. 149 I.U., U.A. & A.I.W. v. American Brake Shoe Co., 298 F.2d 212 (4th Cir. 1962); International U. of Dist. 50, U.M.W.A. v. James Julian, Inc., 341 F.Supp. 503 (M.D.Pa. 1972); Local 4076, United Steelworkers v. United Steelworkers, 338 F.Supp. 1154 (W.D.Pa.1972), for situations where counsel fees were assessed on parties that acted arbitrarily, capriciously or in total disregard of prior rulings. Eastern's request for costs and/or attorney's fees will therefore be denied.

An appropriate order will be entered.