Abraham Melecio OQUENDO et al.,
Plaintiffs,

v.

DORADO BEACH HOTEL CORP.,
Defendant.

Civ. No. 74-268.

United States District Court,
D. Puerto Rico.

Oct. 10. 1974.

Francisco Aponte Pérez, Santurce, P. R., for plaintiffs.

Fiddler, González & Rodríguez, San Juan, P.R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

Plaintiffs' employees commenced this action for the recovery of back wages in the Superior Court of the Commonwealth of Puerto Rico on December 13, 1973, claiming that they had worked overtime for defendant employer in activities related to the hotel industry from September 14, 1964 to December 30, 1968, without having been paid the extra compensation for their services provided by law. On February 13, 1974 defendant was served with copies of the summons and complaint and on March 11, 1974 removed the action to this Court pursuant to 28 U.S.C. Section 1441 et seq. Said removal was based on a claim or right arising under the laws of the United States, namely Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185(a), which governs suits for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in LMRA.

On April 10, 1974, plaintiffs opposed defendant's removal petition by way of a motion to remand contending that the action is based on local labor laws and consequently this Court lacks federal question jurisdiction on removal.

The jurisdictional question was then fully briefed by both parties and the Court is now in a position to pass upon the merits of plaintiffs' motion to remand and defendant's petition for removal.

Plaintiffs characterize their wage claim as purely a local one arising under 29 L.P.R.A. Sections 245 et seq. and 271–299 enforceable through the special procedure created by Law No. 2 of October 17, 1961, 32 L.P.R.A. Sections 3118–3132. It is plaintiffs' contention that, contrary to defendant's position, their cause of action does not claim any rights under any collective bargaining agreement executed with defendant.

On the other hand, defendant sustains that removal is proper on the grounds that defendant is an employer within the meaning of Section 301 of LMRA (engaged in an industry affecting commerce); that plaintiffs are members of a labor organization representing them in an industry affecting commerce; and that plaintiffs' claims arise out of two collective bargaining agreements, executed between their representatives and defendant, which were in force at the time the claims alleged in the complaint accrued and hence governed by substantive federal law under Section 301 LMRA.

Whether a federal question exists sustaining removal from a state to a federal court, depends upon the real nature of the claim asserted by plaintiff in his complaint. 1A Moore, Federal Practice, Par. O.160, pp. 474–475 (1965, Supp.1974) and authorities cited in Notes 15–18. Plaintiffs' characterization of their claims as based exclusively on local law, although entitled to judicial consideration, is nevertheless not determinative of defendant's right to removal since, "it is the real nature of the claim and not the characterization given it by plaintiffs which must govern the determination as to the removability". Espino v. Volkswagen de Puerto Rico, Inc., 289 F.Supp. 979, 982 (D.P.R.1968).

A close examination of plaintiffs' claims as set forth in a written instrument marked Exhibit A[1] and forming integral part of the same, reveals that plaintiffs are claiming, inter alia, back

---

1. Rule 10(c) of the Federal Rules of Civil Procedure provides in pertinent part that, "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes". Plaintiffs' Exhibit A must therefore be considered as integral part of the complaint for purposes of determining this Court's federal question jurisdiction on removal.

wages for hours worked and not paid according to the collective bargaining agreement[2] which together with a caption reading "Computation of Unionized Period: Sept. 14, 1964—December 30, 1968" and a further caption reading "Employees Whose Amounts in Case A8–DIE–DC–28–68 Must be Claimed by the Union" leave no doubt that plaintiffs' rights to overtime compensation were contained in collective bargaining agreements in force between September 14, 1964 and December 30, 1968. Indeed, it appears from defendant's petition for removal that plaintiffs, through their Union, signed two collective bargaining agreements with defendant during the period covering the wage claims alleged in the complaint. The first agreement lasted from September 14, 1964 to September 13, 1967 (Exhibit 6 to Petition for Removal), and the second lasted from September 14, 1967 to September 13, 1970. Both agreements contemplated the rights to overtime compensation claimed by plaintiffs in their complaint, and both established an exclusive grievance and arbitration procedure for the settlement of claims founded upon such rights to overtime compensation (Exhibits 6 & 7 to Petition for Removal). (See Ceferino Pérez v. Water Resources Authority, 87 P.R.R. 110; Gerzón Beauchamp v. Dorado Beach Hotel, 98 P.R.R. 622).

Since plaintiffs are working in an industry affecting commerce, and defendant hotel is such an industry within the meaning and scope of Section 301 LMRA, the question becomes one of federal law, namely, whether such rights depend exclusively for their enforcement upon the grievance and arbitration machinery set up in said agreements. Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Satterwhite v. United Parcel Service, Inc., 496 F.2d 448 (10th Cir. 1974).

It is immaterial that both plaintiffs' and defendant's "affecting commerce status" required in order for LMRA to apply to a labor-management relationship does not appear from the complaint. This Court has previously established that, "where federal jurisdiction hinges on the parties or one of them having a particular status, the Court may look beyond the complaint to ascertain that status". Espino v. Volkswagen de Puerto Rico, Inc., supra, 289 F.Supp. at page 981. Here, defendant's removal petition contains the requisite averments as to the "affecting commerce status" of the parties.

It is likewise immaterial that suit is filed by the individual employees and not by their Union. Both are bound by the collective bargaining agreements and hence the suit remains one under Section 301 LMRA. Smith v. Evening News Assn., 371 U.S. 195–200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) and Espino v. Volkswagen de P.R., Inc., supra, 289 F. Supp. at page 982.

Since federal law governs the rights of the parties to this suit, plaintiffs' plea for abstention is inapposite. The Supreme Court of the United States made it very clear in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456–457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957) that, "the substantive law to apply in suits under Section 301 is federal law, which courts must fashion from the

---

2. Plaintiffs also claim overtime in excess of eight hours a day, overtime wage differentials, overtime worked during changes in daily and weekly shifts, overtime worked during meal periods and overtime for work performed during the seventh consecutive day (Exhibit A to Complaint at Page 2). All of these overtime rights were included in the two collective bargaining agreements signed by plaintiffs' Union and defendant, in force during the time the overtime claims accrued. (Exhibits 6 & 7 to Petition for Removal).

A total sum of $34,980 plus an equal liquidated amount as penalty, as well as attorneys' fees, is claimed by plaintiffs in their complaint on account of the foregoing overtime infringement by defendant, including overtime for work performed during the sixth consecutive day as provided for in one of the collective bargaining agreements covering the period from September 14, 1967 to December 30, 1968 (Exhibit 7 to Petition for Removal).

policy of our National Labor Laws", and, "any State law applied will be absorbed as federal law and will not be an independent source of private rights". It is true that state courts have concurrent jurisdiction with federal courts in this type of case, Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), but as the First Circuit Court of Appeals has said, Section 301 is to be given an expansive interpretation and *"Dowd Box* was not a repudiation ·of the general doctrine that a defendant has a right to have a federal question decided in a federal forum even if, in removing, he deprives a plaintiff of a procedural or remedial advantage". Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d 38, 41 (1st Cir. 1972). Besides, since only federal law is to be interpreted and applied, concurrent jurisdiction is no bar to removal based on an abstention policy as plaintiffs contend. No local law has to be interpreted and applied and hence the primary justification for abstention—unwarranted federal interference in the interpretation and application of local statutory law—is missing. Indeed, removal in this case seems quite proper as "one aspect of the primacy of the federal judiciary in deciding questions of federal law", Avco Corporation v. Aero Lodge No. 735, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (removal jurisdiction sustained in a Section 301 suit), given the. strong congressional federal labor policy behind arbitration in labor claims covered by collective bargaining agreements which can,.·be "effectuated only if the means chosen by the parties for settlement of their differences" is given full play by federal courts in "[placing] sanctions behind agreements to arbitrate grievance disputes". United Steel Workers of America v. American Manufacturing Company, 363 U.S. 564–566, 80 S.Ct. 1343, 1346 (1957); Avco Corporation v. Aero Lodge No. 735, supra, 390 U.S. at page 559, 88 S.Ct. 1235, 1237; Republic Steel Corporation v. Maddox, supra, 379 U.S. at page 650, 85 S.Ct. 614; Satterwhite v. United Parcel Service, Inc., supra, 496 F.2d at page 451.

It is clear, then, that this Court has jurisdiction of the instant cause of action upon removal based on a federal question pursuant to 28 U.S.C. Section 1441(a) and (b). Consequently, plaintiffs' motion to remand is hereby denied.