Accordingly, defendant's motion will be granted.

Eva Porter BAINS

v.

**HARTFORD FIRE INSURANCE COMPANY d/b/a National Flood Insurance Association of New York.**

**Civ. A. No. C77–831A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 12, 1977.

G. Robert Howard, Marietta, Ga., for plaintiff.

Stanley A. Coburn, Robert L. Pennington, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

## ORDER

MURPHY, District Judge.

This case comes before the court on plaintiff's motion for remand to State Court and defendant's motion to dismiss claims for a penalty and attorney's fees. Suit was originally filed in the Superior Court of Cobb County, alleging violation of Georgia law. Plaintiff sought judgment for damages in the amount of $4772.41, plus the penalty and attorney's fees provided for in Ga.Code Ann. § 56–1206. Defendant removed the case under 28 U.S.C. § 1441(a) and (b).

Plaintiff originally secured a contract of flood insurance issued in accordance with the terms of the National Flood Insurance Act (42 U.S.C. § 4001 et seq.). The policy was issued through the Hartford Fire Insurance Company. After a flood damaged the insured's property, only partial payment was made for the enumerated damages. This suit resulted.

1. Plaintiff has challenged removal to this court, alleging that her complaint was narrowly drawn to limit the cause of action to violations of Georgia law. The courts have clearly recognized that "the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States". *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918). Regardless of whether she could have raised a federal issue, plaintiff contends she did not and for that reason her case should be remanded.

Under 28 U.S.C. § 1441, authority for removal is found when the State Court action could have originally been brought in Federal Court. As provided in 42 U.S.C. § 4053, claimant could have instituted this suit in the United States District Court. The crux of plaintiff's complaint is the enforcement of a policy of flood insurance issued under the auspices of the National Flood Insurance Act. Provision has been made for such suits to be filed in the United States District Court. "It is the real nature of the claim and not the characterization given it by plaintiff which must govern the determination as to removability." *Sheeder v. Eastern Express, Inc.*, 375 F.Supp. 655, 659 (W.D.Pa.1974); *Espino v. Volkswagen de Puerto Rico*, 289 F.Supp. 979, 982 (D.P.R. 1968). The complaint states a federal claim and has been properly removed to this court.

2. Defendant seeks dismissal of pleas for the attorneys' fees and the penalty provided for in Ga.Code Ann. § 56–1206. Defendant contends this action arises under 42 U.S.C. § 4053 and, as no provision is made for attorneys' fees or penalties in this or any other section of the National Flood Insurance Act, such award would be unwarranted.

The relevant provision of the Code provides:

> [U]pon the disallowance by any such company or other insurer of any such claim . . . the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, *may institute an action* on such claim against such company or other insurer in the United States District Court for the district in which the insured property or the major part thereof shall have been situated . . . . 42 U.S.C. § 4053. (Emphasis supplied).

The enactment of this and the other provisions of the National Flood Insurance Act reflects a federal response to a pervasive and sometimes devastating national problem. See, 42 U.S.C. § 4013. The permissive language of the statute (i. e., "may institute an action") does not reflect an intent to completely exclude state court review of flood insurance problems, however. Similar language in the Labor Management Relations Act (29 U.S.C. § 185) has been interpreted to permit concurrent federal-state jurisdiction. *Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Thomas v. Consolidated Coal Company*, 380 F.2d 69 (4th Cir. 1967). Although a state court may entertain suits under the National Flood Insurance Act, the law to be applied is federal. *Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Sheeder v. Eastern Express, Inc.*,

375 F.Supp. 655 (W.D.Pa.1974). In light of this reasoning, the request for attorneys' fees and a penalty cannot be maintained.

3. Accordingly, the motion to remand is denied and the motion to dismiss for failure to state a claim on which relief can be granted is granted as to the request for attorneys' fees and a penalty.