**Jerry Wayne BURRELL and Carolyn Burrell, Plaintiffs,**

v.

**TURNER CORPORATION OF OKLAHOMA, INC., et al., Defendants.**

**No. 76–C–568–B.**

United States District Court,
N. D. Oklahoma.

Jan. 26, 1977.

---

9. The original filed opinions in *Mansfield* and *Slone* indicate that those courts relief on footnote 8 in *Salfi.*

Richard T. Garren, Tulsa, Okl., for plaintiffs.

Ben L. Murdock, Tulsa, Okl., for defendant Turner Corp.

Donald Church, Tulsa, Okl., for defendants National Flood and Republic.

## ORDER

BARROW, Chief Judge.

The Court has for consideration the Motion to Remand filed by the plaintiffs, the briefs in support and opposition thereto, and, having carefully perused the entire file, and, being fully advised in the premises, finds:

This action was originally commenced by plaintiffs against the defendants in the District Court of Tulsa County, Oklahoma, on October 18, 1975.

A petition for removal was filed by the defendants, *National Flood Insurers Association and Republic Van Guard*, on November 9, 1976.

The jurisdictional allegation in the Removal Petition is as follows:

"That this is a civil action of which the District Court of the United States has original jurisdiction being founded on a claim arising under the laws of the United States, Title 28 U.S.C. § 1441(b) and (c) and without regard to the amount in controversy, Title 42 U.S.C. § 4053. The plaintiffs based their claim for relief against the defendants upon, by virtue of

and under the federal statutes and Acts of Congress."

The defendant, Turner Corporation of Oklahoma, Inc. (said defendant having not joined in the removal petition) has filed the following response to the Motion to Remand:

"On behalf of the defendant, Turner Corporation of Oklahoma, Inc., we do not object if the Court sees fit, to the Court granting plaintiffs' motion to remand this case to the State Court."

On January 20, 1977, the defendant, Preston L. Ray, filed an application for extension of time within which to plead. In his application he states:

"That this action was originally filed in the Tulsa County District court, Case No. C–76–2189, and this Defendant, within the time allowed, filed an entry of appearance therein. That unknown to this Defendant or his attorney, said action was removed to this Court from the said Tulsa County District Court on the 9th day of November, 1976, and neither this Defendant nor his attorney received any notice that such had been removed until the 4th day of January, 1977, and therefore this Defendant, through no fault of his own or of his attorney, is out of time in the filing of a pleading herein."

Turning to the complaint filed by the plaintiffs in State Court, plaintiffs seek damages in the sum of $9,827.54, with interest, for alleged losses resulting from a flood occurring on May 30, 1976.

The removing defendant contends that by virtue of Title 42 U.S.C. § 4053 the Federal Court has exclusive jurisdiction in the instant litigation. That section provides in pertinent part:

" * * * and, upon disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, *may institute an action on such claim against such company or other insurer in the United States district*

*court for the district* in which the insured property or the major part thereof shall have been situated, *and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.*" (Emphasis supplied)

Removing defendants further rely on 24 CFR § 1912.22, which provides:

"Upon the disallowance of the Association or its agents of any claim on grounds other than failure to file a proof of loss, or upon the refusal of the claimant to accept the amount allowed upon any such claim, after appraisal pursuant to the policy provisions, the claimant within one year after the date of mailing of the notice of disallowance or partial disallowance of the claim may, pursuant to 42 U.S.C. 4053, *institute an action on such claims against the Association, only in the U. S. District Court for the district in which the insured property or the major portion thereof shall have been situated without regard to the amount in controversy.*" (Emphasis supplied)

It should be noted in the regulation promulgated in CFR the word "only" has been inserted, while not appearing in the statute as enacted by the Congress.

The legislative history concerning § 4053 is found in U.S.Code Cong. & Admin.News, 1968, Volume 2, page 3022, Section 1133, which states:

"This section authorizes private insurers participating in the pool to adjust and pay claims for losses and permits any claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after notice of the disallowance was mailed in the U.S. district court for the district in which the insured property or the major portion of it was situated. *Jurisdiction would be conferred on the district court without regard to the amount in controversy. (Claimants could, of course, also avail themselves of legal remedies in State courts.)* " (Emphasis supplied)

 This Court finds nothing in the language of § 4053 that infers exclusive juris-

diction in the federal court, and, in fact, the legislative history hereinabove delineated expressly states that claimants are not precluded from availing themselves of legal remedies in State Courts.

 This Court will not discuss the myriad number of cases in detail found in Volume 46, Statutes, ⊜227, Modern Federal Practice Digest, discussing the semantic connotation placed on the use of the words "shall" and "may", other than to state that the word "shall" is generally construed as being mandatory or directive and the word "may" as permissive or discretionary.

Additionally, the Court finds that there is no allegation or contention in the complaint filed by the plaintiffs that presents an issue or controversy in respect to the validity, construction or effect of the Act raised by the moving defendants.

 It appears to the Court that the provision cited in CFR extends jurisdiction in excess of that delineated in the statute, and in fact oversteps the boundaries of interpretation of the statute, especially in view of the legislative history. It is fundamental that a rule or regulation may only implement the law, be in furtherance of the intention of the legislature as evidenced by the acts of the legislative body. By the insertion of the word "only", the effect is to confer exclusive jurisdiction on the federal court and this Court does not so read the statute or the legislative history.

IT IS, THEREFORE, ORDERED that plaintiffs' Motion to Remand be and the same is hereby sustained and this cause of action and complaint are hereby remanded to the District Court of Tulsa County, Oklahoma.