George H. DUNKLE and Alice E.
Dunkle, Plaintiffs,

v.

NATIONAL FLOOD INSURERS ASSOCI-
ATION and General Accident Fire and
Life Assurance Corporation, Ltd., Defendants.

Nicholas L. FARR and Joyce E.
Farr, Plaintiffs,

v.

NATIONAL FLOOD INSURERS ASSOCI-
ATION and General Accident Fire and
Life Assurance Corporation, Ltd., Defendants.

Civ. Nos. 77–188 and 77–189.

United States District Court,
M. D. Pennsylvania.

May 12, 1977.

Metzger, Wickersham, Knauss & Erb by Robert P. Reed, Harrisburg, Pa., for plaintiffs.

Cozen, Begier & O'Connor by Ronald B. Hamilton, Philadelphia, Pa., Goldberg, Evans & Katzman by Craig A. Stone, Harrisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

These cases were initially instituted in the Dauphin County court to recover from defendant insurance companies damages which were allegedly incurred as a result of a flood on September 25, 1975 during Hurricane Heloise. On March 4, 1977, however, upon the defendants' petitions for removal to federal court pursuant to 28 U.S.C. § 1441 the matter was removed to this court. On April 1, 1977 plaintiffs in turn filed a motion for remand under 28 U.S.C. § 1447(c) which is presently under consideration.

■ The pivotal question concerning whether or not the above-captioned matter is properly entertained in federal district court involves the construction of the jurisdictional portions of 42 U.S.C. § 4053. Because we find that § 4053 provides exclusive jurisdiction in federal district court for the resolution of all claims brought under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq., we deem it unnecessary to consider at this time the citizenship of defendant General Accident Fire and Life Assurance Corporation, Ltd. within the meaning of 28 U.S.C. §§ 1441 and 1332.

Section 4053 provides that upon disallowance of a claim by a member insurance corporation under the National Flood Act (Act) or upon the refusal of the claimant to accept the amount allowed on any such claim, "the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States District Court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy". Plaintiffs emphasize that the statutory language states the insured "may" institute an action on their claim to insurance proceeds in federal district court in arguing that the provision merely establishes concurrent jurisdiction in federal court. In this connection plaintiffs further contend that the National Flood Insurers Association is an agency which is subject to suit both in federal court and in state court and that the language of § 4053 in no way precludes jurisdiction in the state courts. We disagree.

A fair and reasonable reading of the language contained in § 4053 indicates that the word "may" was intended to characterize and qualify the institution of suit by the claimant rather than the forum in which the claim could be brought. Under this construction, where the claimant elects to institute suit pursuant to the provisions of the Act, he is required under the special jurisdictional grant included in § 4053 to file his action in the federal district courts. This construction also points to a decision in this matter which is consistent with decisions reached by other federal courts under similar circumstances. See *Felton v. Aetna Casualty & Surety Company and National Flood Insurers Assn.*, S.D.Ill., Civ. No. 750066 (decided April 8, 1976); *Kile v. Aetna Casualty & Surety Co.*, M.D.La., Civ. No. 75–153 (decided July 15, 1975). Cf. *Drewett v. Aetna Casualty and Surety Company*, 405 F.Supp. 877 (W.D.La.1975), aff'd 539 F.2d 496 (5th Cir. 1976). This determination that § 4053 provides exclusive jurisdiction in the federal courts also comports with the regulation promulgated for the National Flood Insurers Association which governs the venue of any action instituted on a claim against the Association. See 24 C.F.R. § 1912.22 (April 1, 1976).

Moreover, similar language contained in 15 U.S.C. § 15 has been construed by the courts to provide exclusive jurisdiction in the federal courts for all suits arising thereunder. In the context of federal anti-trust actions, § 15 of 15 U.S.C. provides, in pertinent part, that any injured party "may sue therefor in any district court of the United

States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy . . . ." This language has been interpreted as conferring exclusive jurisdiction in the federal courts for all actions arising under the federal anti-trust statutes. *Blumenstock Bros. Advertising Agency v. Curtis Publishing Company*, 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed. 649 (1919). We conclude that a similar and consistent result should be reached in this instance. Accordingly, we find that controversies under the National Flood Insurance Act may be litigated only in the federal courts, and we will deny plaintiffs' motion for remand.

There is authority for the proposition that a federal court obtains no jurisdiction over a matter which is improvidently brought in state court and subsequently removed to federal court where exclusive jurisdiction over the controversy exists, only in a federal court and that the federal court must under such circumstances dismiss the action for want of jurisdiction. See *Lambert Run Coal Co. v. Baltimore & O R.R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Where in this instance defendants have not requested that the case be dismissed and this court would have jurisdiction over the matter if originally filed in federal court, we hesitate to rigidly adhere to the formalisms of the rule followed in *Lambert Run* and would prefer to acknowledge that jurisdiction which defendants appear to recognize in this court. Nevertheless, the policy announced in *Lambert Run* coupled with the plaintiffs' interest in not having the appropriate forum for the resolution of this dispute dictated by the defendants compels us to conclude that the above-captioned matters should be dismissed for want of jurisdiction.

An appropriate order will be entered.