**David Merrill SCHULTZ, Plaintiff,**

v.

**DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant.**

**No. CV 79–2212.**

United States District Court,
C. D. Illinois.

Sept. 18, 1979.

David Merrill Schultz, pro se.

Gerald D. Fines, U. S. Atty., David E. Worsley, Asst. U. S. Atty., Danville, Ill., for defendant.

### ORDER

WISE, Senior District Judge.

Plaintiff began this action based on a policy of flood insurance in the Circuit

Court of Kankakee County, Illinois, on November 8, 1978. Plaintiff named only State Farm Fire and Casualty Company as defendant in that action. On July 31, 1979, the state court allowed the Director of the Federal Emergency Management Agency's motion to substitute himself as defendant in place of State Farm.

Defendant removed the case to this Court on August 24, 1979, based on 28 U.S.C. §§ 1441(a) and 1446, and moved to dismiss on August 28, 1979. The Court today heard argument on this motion to dismiss. Defendant appeared through counsel, but there was no appearance for plaintiff. Defendant notified plaintiff of the time and place of this hearing by Notice of Hearing filed August 31, 1979.

Section 4053 of Title 42, United States Code, provides:

"The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with the provisions of this chapter and, upon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

This Court must first determine whether this statute confers exclusive jurisdiction in the federal courts or whether state courts possess concurrent jurisdiction.

Two reported district court cases have reached this issue. *Dunkle v. National Flood Insurers Association*, 432 F.Supp. 489 (M.D.Pa.1977) held federal courts have exclusive jurisdiction over actions brought under § 4053; *Mason v. National Flood Insurers Association*, 431 F.Supp. 1021 (N.D.Okl. 1977), on the other hand, decided § 4053 did not vest exclusive jurisdiction in the federal courts and allowed the claimant to pursue his remedy in the state courts. The Court also notes an unreported decision of the district court for the old Southern District of Illinois, which held § 4053 vests exclusive jurisdiction in the federal district courts. *Felton v. Aetna Casualty & Surety Company*, No. A–CIV–750066 (S.D.Ill. filed April 8, 1976).

■ This Court is more persuaded by the reasoning of *Dunkle* and *Felton* than that in *Mason*. The Court agrees with *Dunkle* that the permissive "may" in § 4053 characterizes and qualifies the institution of suit by the claimant rather·than the forum in which the claim could be brought. The Court holds, therefore, that 42 U.S.C. § 4053 vests exclusive jurisdiction in the federal district courts over suits filed under that section.

■ A district court's jurisdiction on removal is entirely derivative of whatever jurisdiction the state court had over the claim. Since here the state court had no jurisdiction over plaintiff's claim, this Court must dismiss for want of subject matter jurisdiction despite the holding that it has original jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio RR Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is allowed.