**LaVerta HARPER, Individually and t/d/b/a LaVerta's Beauty Salon, Inc., Plaintiff,**

v.

**NATIONAL FLOOD INSURERS ASSOCIATION, Defendant.**

**Civ. A. No. 78–577.**

United States District Court, M. D. Pennsylvania.

July 18, 1980.

Stuart, Murphy, Smith, Mussina, Harris & Rieders, Williamsport, Pa., for plaintiff.

Barbara Allen Babcock, Dennis G. Linder, David Epstein, Vicki L. Hawkins, U. S. Dept. of Justice, Washington, D. C., Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for defendant; Robert D. Sokolove, Dept. of Housing & Urban Development, Washington, D. C., of counsel.

### MEMORANDUM

RAMBO, District Judge.

This action was initiated in the Court of Common Pleas of Lycoming County, Pennsylvania on April 28, 1978. The complaint originally named the National Flood Insurers Association (NFIA) as defendant and alleged that defendant wrongfully denied insurance coverage for damage to a waterproofing membrane caused by a flood in September of 1975. The Court of Common Pleas of Lycoming County consolidated this action with other actions initiated by the plaintiff in that court against an architectural firm and a contractor, both of which actions also involved water damage suffered by plaintiff to her residence as a result of the flood of September 1975. On June 16, 1978 defendant NFIA petitioned for removal of this action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). On August 7, 1978 the court granted an uncontested motion for substitution of Patricia Roberts Harris, Secretary of the Department of Housing and Urban Development (HUD), as the sole party defendant. On July 5, 1979 a second motion for substitution was filed requesting that the Director of the Federal Emergency Management Agency (FEMA) be substituted as the sole party defendant in this action; this motion, too, was unopposed by plaintiff. The court granted the motion on July 20, 1979.

Presently before the court is plaintiff's motion to remand this matter to the Court of Common Pleas of Lycoming County, Pennsylvania, and defendant's motion to dismiss based upon the court's alleged lack of jurisdiction.

### Motion for Remand

In support of the motion for remand, plaintiff argues that pursuant to 28 U.S.C. § 1447(c), remand is proper at any time prior to final judgment if removal was granted "improvidently and without jurisdiction"; that neither 28 U.S.C. § 1441(b) nor § 28 U.S.C. § 1442(a)(1), which grant removal jurisdiction, are applicable in this case; that defendant may not now allege 28 U.S.C. § 1441(a) as a basis for removal jurisdiction; and therefore the case should be remanded. Defendant, on the other hand, alleges that removal was proper under 28 U.S.C. §§ 1441(b) and 1442(a)(1), and if not, certainly under 28 U.S.C. § 1441(a); that 42 U.S.C. § 1447(c) is applicable only when removal is granted "improvidently and without jurisdiction" and is not apposite; and that removal was proper and therefore plaintiff's motion for remand should be denied.

Since the court finds there is proper removal jurisdiction based upon § 1441(a), it need not address the issues of whether removal was proper under § 1441(b) or § 1442(a)(1). Section 1441(a) reads:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The court is granted original jurisdiction over actions involving flood insurers operating under the National Flood Insurance Act (hereinafter Act), 42 U.S.C. §§ 4001 et seq., in 42 U.S.C. § 4053, which provides in pertinent part:

. . . [U]pon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, *may institute an action on such claim against such company or other insurer in the United States District Court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.* (Emphasis added.)

Plaintiff alleges that defendant should be precluded from arguing that removal was proper under § 1441(a) because defendant did not allege § 1441(a) as a basis for removal jurisdiction in its petition for removal. Plaintiff argues that a petition for removal may be amended freely within the statutory 30-day filing period but thereafter only amendments to cure defects are proper; amendments seeking to set forth additional grounds are not. Plaintiff cites numerous cases in support of this argument. A fair reading of these cases is that a defendant may not, after the statutory 30-day filing period, amend the petition for removal in such a manner as to change or alter the import of the petition, the resultant effect being to create jurisdiction where none existed before. Hence the rule that only technical changes, as well as amendments to cure *defective allegations*, will be permitted. *Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 925 (E.D.Mich.1977); *Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 48 L.Ed. 103 (1903); *Carlton Properties, Inc. v. Crescent City Leasing Corporation*, 212 F.Supp. 370 (E.D. Pa.1962).

In the instant case, defendant's omission of § 1441(a) can clearly be classified as a technical error or defective allegation. The facts alleged to support removal jurisdiction were not changed and no additional grounds were alleged. Since defendant may amend to cure a defect, the court will consider the petition to remove amended so as to allege jurisdiction properly under § 1441(a). Accordingly, the court finds that removal jurisdiction exists and removal is proper.[1]

*Motion to Dismiss*

In its motion to dismiss, defendant argues that the federal district court, pursuant to the express language of 42 U.S.C. § 4053, has exclusive jurisdiction to hear cases against flood insurers under the Act; that since there was no jurisdiction in the state court, there can be no derivative jurisdiction in this court; that removal jurisdiction is based solely upon derivative jurisdiction; and that since the state court had no jurisdiction to hear the case, no derivative jurisdiction was acquired by this court upon removal, requiring dismissal by this court for a lack of jurisdiction.

1. Plaintiff argues that even if defendant had alleged § 1441(a) as a basis for removal jurisdiction, removal should be denied because Congress may expressly provide that an action over which the district court has original jurisdiction may not be removed from a state court. The court agrees with the statement but finds it totally inapplicable in the instant action.

Plaintiff, in opposing defendant's motion to dismiss, contends that 42 U.S.C. § 4053 does not confer exclusive jurisdiction upon the federal district court but, at best, concurrent jurisdiction; that since concurrent jurisdiction does exist, if the case was properly removed, which plaintiff disputes, this court has jurisdiction; therefore the court should not dismiss the case for want of subject matter jurisdiction.

Both defendant and the magistrate[2] rely heavily on a prior Middle District case, *Dunkle v. National Flood Insurers Association,* 432 F.Supp. 489 (M.D.Pa.1977), as well as a recent case in the Central District of Illinois, *Schultz v. Director, Federal Emergency Management Agency,* 477 F.Supp. 118 (C.D.Ill.1979). The cornerstone of the *Dunkle* decision, which was adopted by the court in *Schultz,* was the interpretation of the word "may" in 42 U.S.C. § 4053. The court in *Dunkle* held:

> A fair and reasonable reading of the language contained in Section 4053 indicates that the word "may" was intended to characterize and qualify the institution of suit by the claimant rather than the forum in which the claim could be brought. Under this construction, where a claimant elects to institute suit pursuant to the provision of the Act, he is required under the special jurisdictional grant included in Section 4053 to file his action in the federal district courts. *Id.* at 490.

The court went on to analogize 42 U.S.C. § 4053 with 15 U.S.C. § 15,[3] which has been interpreted to confer exclusive jurisdiction upon the federal courts. The court concluded a "similar and consistent result should be reached," holding claims under the National Flood Insurance Act may be litigated only in federal courts. *Id.* at 491.

This court does not agree with the result nor the reasoning in *Dunkle,* particularly in light of plaintiff's arguments and contrary case law, both in and out of this district. Plaintiff contends that the interpretation given in *Dunkle* should not be applied in the instant case for the following reasons:

1. The statute itself does not expressly state that exclusive jurisdiction lies with the federal courts.

2. The legislative history of the statute expressly, although parenthetically, provides for remedies in state courts.

3. The Code of Federal Regulations has been amended to eliminate any implication of exclusive jurisdiction.

4. The general rules of interpretation dictate that "may" is permissive while "shall" is directive.

5. Cases have already held that the federal courts do not have exclusive jurisdiction.

In a case very similar to the one *sub judice,* the Supreme Court held that § 301(a) of the Labor Management Act, 1947, which confers on federal courts jurisdiction over suits for *violations of contracts* between employers and certain labor organizations, did not divest state courts of jurisdiction of such suits.[4] *Charles Dowd Box*

---

2. This case was referred to Magistrate Havas by Judge Herman, to whom the case was originally assigned. The case was reassigned to the undersigned judge on August 6, 1979. The magistrate filed his report and recommendations on March 27, 1980.

3. 15 U.S.C. § 15 states in pertinent part, that any injured party "may sue therefore in any district court of the United States in the district in which the defendant resides . . . ."

4. Compare the language of § 301(a) of the Labor Management Relations Act with that of 40 U.S.C. § 4053.
   § 301(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United

States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
   § 4053 (in pertinent part)
   or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

*Co., Inc. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). The Court stated:

> On its face § 301(a) simply gives the federal district courts jurisdiction over suits for violation of certain specified types of contracts. *The statute does not state nor even suggest that such jurisdiction shall be exclusive. It provides that suits of the kind described may be brought in the federal district courts, not that they must be. Id.* at 506, 82 S.Ct. at 522. (emphasis added).

The Court went on to describe the situations wherein exclusive federal jurisdiction should be applied:

> We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in *Claflin v. Houseman,* 93 U.S. 130 [23 L.Ed. 833], and has remained unmodified through the years. The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises . . . [and] the result of these discussions has, in our judgment, been . . . to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case. 93 U.S., at 136. See *Robb v. Connolly,* 111 U.S. 624 [4 S.Ct. 544, 28 L.Ed. 542]; *Second Employers' Liability Cases,* 223 U.S. 1, 56–59 [32 S.Ct. 169, 177–178, 56 L.Ed. 327]; *State of Missouri ex rel. St. Louis, B. & M. R. Co. v. Taylor,* 266 U.S. 200 [45 S.Ct. 47, 69 L.Ed. 247]; *Gar-*

*rett v. Moore-McCormack Co.,* 317 U.S. 239, 245 [63 S.Ct. 246, 250, 87 L.Ed. 239]; *Brown v. Gerdes,* 321 U.S. 178, 188 [64 S.Ct. 487, 492, 88 L.Ed. 659] (concurring opinion). *To hold that § 301(a) operates to deprive the state courts of a substantial segment of their established jurisdiction over contract actions would thus be to disregard this consistent history of hospitable acceptance of concurrent jurisdiction. Id.* at 507–508, 82 S.Ct. at 522–23 (footnote omitted) (emphasis added).

■ Hence, unless the statute expressly provides for exclusive federal jurisdiction or an interpretation granting concurrent jurisdiction would be incompatible with the nature of the particular case, jurisdiction is concurrent. Section 4053 does not state or suggest that the federal courts have exclusive original jurisdiction, nor would concurrent jurisdiction be incompatible with the purpose of the Act. An interpretation of exclusive federal jurisdiction, therefore, is not warranted.

■ As pointed out by plaintiff, the legislative history attendant to § 4053 suggests concurrent jurisdiction. The relevant portion of the legislative history provides:

> [A]ny claimant, upon disallowance or partial disallowance of a claim, to institute an action, within one year after notice of the disallowance was mailed, in the U.S. District Court for the district in which the insured property or other major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. (Claimants could, of course, also avail themselves of legal remedies in state courts.) U.S.Code Cong. & Admin. News, 1968, Vol. 2, p. 3022, § 1133.

Although the court agrees with defendant that the parenthetical note is not determinative of whether or not jurisdiction is concurrent, it may, nevertheless, *not* be ignored. *Muniz v. Hoffman, Regional Director, National Labor Relations Board,* 422 U.S. 454, 468, 95 S.Ct. 2178, 2186, 45 L.Ed.2d 319 (1975). The use of legislative history is

of particular benefit, and in fact may only be referred to, when the plain meaning of the statute is not clear. *Jopek v. New York Central Railroad Co.*, 353 F.2d 778 (3rd Cir. 1965). The split in authority over the interpretation to be given to the word "may" in § 4053 is indicative that its meaning is not clear.[5] The clear meaning of the language in the parenthetical in the legislative history is that claimants, such as the plaintiff, can *also* avail themselves of legal remedies in state courts. No restriction is placed upon the type of remedies that may be sought in state courts and clearly, a breach of contract action has historically been a proper action in a state forum.

Plaintiff distinguishes the *Dunkle* decision in another manner. At the time *Dunkle* was decided, 24 C.F.R. § 1912.22 (1977) provided in pertinent part:

> Upon the disallowance of the Association or its agents of any claim . . . the claimant . . . may, pursuant to 42 U.S.C., section 4053, institute an action on such claims against the association, *only* in the U. S. District Court for the district in which the injured property . . . shall have been situated . . .. (emphasis added).

Although the court in *Dunkle* did not point to 24 C.F.R. § 1912.22 as supportive of its position, it should be noted that § 1912.22 was amended the following year, deleting the word "only". 24 C.F.R. § 1912.22 (1979). Presently, § 1912.22 does *not* contain the word only. The court is aware that the Code of Federal Regulations is not the law, is not determinative of the jurisdictional issue, and is merely advisory; nonetheless, it is a variable to be considered.

Plaintiff points to favorable case law emanating from two cases heard in the Northern District of Oklahoma, namely *Burrell v.*

*Turner Corp. of Oklahoma*, 431 F.Supp. 1018 (N.D.Okla.1977) and *Mason v. National Flood Insurance Assn.*, 431 F.Supp. 1021 (N.D.Okla.1977), which address the connotation of the words "shall" and "may". The court in *Burrell* and *Mason* espoused the widely accepted interpretation that the word "shall" is construed as mandatory or directive, while the word "may" is construed as merely permissive or discretionary. This, like the discussion involving the C.F.R., is not determinative but only a background factor to be considered.

Finally, and most importantly, plaintiff points to cases which have held that federal district courts do *not* have exclusive jurisdiction of claims against flood insurers under the Act. *Burrell, supra; Mason, supra; Bains, supra; Gibson v. Secretary of Housing and Urban Development*, 479 F.Supp. 3 (M.D.Pa.1978), *aff'd*, 601 F.2d 574 (3rd Cir. 1979). Most persuasive is the *Gibson* case. Although the issue of jurisdiction was not expressly addressed, the court, by implication, found concurrent jurisdiction existed in claims against insurers under the Act.

In *Gibson*, the insured brought an action against a flood insurer in the state courts. Following removal, HUD was substituted as sole defendant. The court held that although jurisdiction was originally based upon diversity, it subsequently rested upon general federal question jurisdiction after the substitution of HUD as sole defendant. Implicit in this finding is that the case was properly removed and, therefore, that concurrent jurisdiction, rather than exclusive federal jurisdiction, existed. Although no motion to dismiss for lack of subject matter jurisdiction was filed by defendant in *Gibson*, the court has an affirmative duty to raise jurisdiction *sua sponte*. *Kenosha v.*

---

**5.** Cases holding that jurisdiction is exclusively in the federal courts include *Dunkle v. National Flood Insurers Assn.*, 432 F.Supp. 489 (M.D.Pa. 1977); *Schultz v. Federal Emergency Management Agency*, 477 F.Supp. 118 (C.D.Ill.1979); *Jenkins v. Harris*, No. 78–4748–MRP (C.D.Col., filed April 24, 1979) (construing 42 U.S.C. § 4072); *Miss Virginia, Inc. v. National Flood Insurers Assn.*, No. 16251 (Circuit Ct., Wise County, Va., filed July 11, 1978); *Felton v.*

*Aetna Casualty & Surety Company*, No. 750066 (S.D.Ill., filed April 8, 1976.) Cases holding that jurisdiction is not exclusively in the federal courts include *Burrell v. Turner Corp. of Oklahoma*, 431 F.Supp. 1018 (N.D.Okla.1977); *Mason v. National Flood Insurance Assn.*, 431 F.Supp. 1021 (N.D.Okla.1977); *Bains v. Hartford Fire Insurance Co.*, 440 F.Supp. 15 (N.D. Ga.1977).

*Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Carlsberg Resources Corp. v. Cambria Savings and Loan Assn.,* 554 F.2d 1254 (3rd Cir. 1977). The Supreme Court has held that even where no motion to dismiss or denial of jurisdiction exists, the court has a duty to act *sua sponte* to exercise sound judicial discretion to assure that jurisdiction is proper. *Saint Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 287–8, n.10, 58 S.Ct. 586, 589–590, n.10, 82 L.Ed. 845 (1938). *See also Dunkle, supra.* (jurisdiction raised *sua sponte*). The Court went on to hold that "even an appellate court must notice the absence of the elements requisite to original jurisdiction *or to a removal.*" *St. Paul Indemnity Co., supra.* (emphasis added). This latter statement becomes even more significant in light of the fact that the result in *Gibson* was affirmed by the Third Circuit Court of Appeals.

The court finds, after careful consideration of the above factors, that concurrent jurisdiction does exist in claims arising under the National Flood Insurance Act. Initiation of a case in a state court, therefore, will not preclude removal to a federal court, assuming a proper basis for removal exists. This result is not only supported by case law but is justified by policy considerations.[6] To hold otherwise, permitting a party to effect removal and then successfully move to dismiss, is to sanction a miscarriage of justice, which can only breed contempt for the entire judicial system.

---

**6.** The policy considerations declared in *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922), relied upon in part to justify the result in *Dunkle, supra,* are not evident in this case.