Phillip POSSESSKY and Helen
Possessky, Plaintiffs,

v.

NATIONAL FLOOD INSURERS
ASSOCIATION, Defendant.

Civ. A. No. 80–2248.

United States District Court,
D. New Jersey.

Feb. 18, 1981.

George B. Esposito, Somerville, N. J., for
plaintiffs.

William W. Robertson, U. S. Atty. by
Jerome B. Simandle, Asst. U. S. Atty., New-
ark, N. J., for defendant.

OPINION

DEBEVOISE, District Judge.

Plaintiffs Phillip and Helen Possessky
brought suit in state court against the Na-
tional Flood Insurers Association, alleging
that their property in Raritan, New Jersey,
damaged by flooding, was insured against
this loss by the defendant but that the
defendant has refused to pay their claim for
damages. The defendant promptly re-
moved the action to federal court pursuant
to 28 U.S.C. §§ 1441 and 1446 and now
moves for an order pursuant to Rule 25(d),
*Fed.R.Civ.P.*, substituting John W. Macy,

Jr., Director of the Federal Emergency Management Agency, as the party defendant in place of the defendant National Flood Insurers Association and for an order pursuant to Rule 12(b)(1), *Fed.R.Civ.P.*, dismissing the suit for lack of subject matter jurisdiction.

■ The National Flood Insurance Program was established under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* The operation of this Program was first undertaken by the defendant National Flood Insurers, an unincorporated association of insurance companies, pursuant to 42 U.S.C. § 4011 but was subsequently assumed by the United States Department of Housing and Urban Development [HUD] effective January 1, 1978, as authorized by 42 U.S.C. § 4071. Thereafter, all rights and obligations of HUD with respect to the Program were assigned to the Director of the Federal Emergency Management Agency [FEMA] by authority of Section 202 of the Reorganization Plan No. 3 of 1978 (43 Fed.Reg. 41943), implemented by Executive Order No. 12127 on March 31, 1979 (44 Fed.Reg. 19167). Since the federal authority for administration of the National Flood Insurance Program reposed solely in the Director of the Federal Emergency Management Agency at the time this suit was commenced, and since the plaintiffs do not oppose the substitution of parties, defendant's motion to substitute the Director of the FEMA as the sole party defendant is granted.

Judicial review for the disallowance of a National Flood Insurance Program claim, as in the instant case, is provided exclusively by Congress in 42 U.S.C. § 4072, which states, in relevant part:

> ... [T]he Secretary shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Secretary of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary, *may institute an action against the Secretary on such claim in the United States district court* for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy. (Emphasis added.)

(The statute's reference to the Secretary of HUD is, of course, superseded by the delegation of this function from the Secretary of HUD to the Director of the Federal Emergency Management Agency pursuant to Reorganization Plan No. 3 and Executive Order No. 12127.)

In support of its motion to dismiss the defendant argues that the language of the jurisdictional statute, as well as the weight of judicial authority, compel the conclusion that the federal courts have *exclusive* jurisdiction in claims for flood insurance under the NFIP. Since the state courts lacked subject matter jurisdiction, the defendant urges, under the doctrine of derivative jurisdiction this Court acquired no jurisdiction upon removal, even though there would have been jurisdiction if the suit had originally been brought in federal court. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1938); *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 383, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

No reported cases, to date, have interpreted the language in Section 4072. For guidance, the parties point to the case law interpreting an analogous jurisdictional limitation in 42 U.S.C. § 4053 which allows a disappointed claimant to institute an action in the federal court "against such *company or other insurer*". Some courts have found § 4053 to permit concurrent jurisdiction with the state courts, *Mason v. National Flood Insurance Program*, 431 F.Supp. 1021 (N.D.Okla.1977); *Burrel v. Turner Corporation of Oklahoma, Inc.*, 431 F.Supp. 1018 (N.D.Okla.1977); *Harper v. National Flood Insurers Association*, 494 F.Supp. 234 (M.D. Pa.1980), while other courts have found it to be an exclusive grant of federal jurisdic-

tion, *Dunkle v. National Flood Insurers Association*, 432 F.Supp. 489 (M.D.Pa.1977); *Schultz v. Director, FEMA*, 477 F.Supp. 118 (C.D.Ill.1979); *Felton v. Aetna Casualty & Surety Co.*, No. A–Civ–750066 (S.D.Ill. 1976); *Jenkins v. Harris*, CV 78–4748 (C.D. Cal.1979), and *Kile v. Aetna Casualty & Surety Co.*, No. 75–153 (M.D.La.1975). Thus, these decisions offer no definitive guidance. Moreover, since Section 4053 permits suits against private insurers, rather than a governmental agency, as in the Section 4072 suit at issue, the cited cases never raised or addressed the issue of sovereign immunity and therefore are not persuasive.

■ While it is true that statutes are generally interpreted to permit concurrent jurisdiction unless it is "excluded by an express provision, or by incompatibility in its exercise arising from the nature of the particular case", *Claflin v. Houseman*, 93 U.S. 130, 136, 23 L.Ed. 833 (1876), "Congress has generally provided for suits against the United States in the federal courts". *Minnesota v. United States*, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). "[I]t rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought." *Id.*

It must also be remembered in determining the statutory meaning that "the limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied". *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

■ With these guidelines in mind, I find that Section 4072 permits exclusive federal court jurisdiction.

The suit against the Director of the FEMA under Section 4072 is subject to the limited waiver of sovereign immunity. The plaintiffs are challenging the federal agency's final action denying their claim for benefits under an exclusively federal program. If the plaintiffs are successful, the judgment is paid from the public funds of the United States, which is the hallmark of the application of sovereign immunity. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

Construing the statute strictly, which I must, it is evident that the action can only be brought in the court designated in the waiver, that is, the federal court. Section 4072 provides for suit in the United States district court—no mention is made of concurrent state court jurisdiction.

The legislative history attendant upon Section 4072, like the statutory language, only authorizes suits against the Secretary in the federal court:

> This section . . . authorizes the claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after the notice of disallowance was mailed, in the U. S. district court for the district in which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy.

U.S.Code Cong. Admin.News, 1968, Vol. 2, 2873, 3023, Section 1141.

The report's failure to mention concurrent state court jurisdiction becomes significant when compared with Section 4053's appropriate legislative history:

> This section authorizes . . . an action . . . in the U. S. district court for the district in which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. (*Claimants could, of course, also avail themselves of legal remedies in State courts.*) (Emphasis added.)

U.S.Code Cong.Admin.News, 1968, Vol. 2, 2873, 3022, Section 1133.

From the face of the complaint it cannot be determined whether plaintiffs filed suit within one year after the date of mailing the notice of the Director's disallowance. The result I have reached may seem harsh if plaintiffs' action was timely filed in the state court and the defendant's delay in

bringing its motion after removal caused the statute of limitations to run. However, if it can be shown that the defendant's actions were purposefully or negligently dilatory, perhaps plaintiffs will have an equitable argument for the tolling of the statute of limitations should they refile their claim in federal court.

For the foregoing reasons, defendant's motion is granted. Defendant's counsel shall submit an order, consented to as to form, within ten (10) days.