Rose A. KELLY, Plaintiff,

v.

DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, Michael Laurano, Jr., and Utica Mutual Insurance Company, Defendants.

Civ. A. No. 79–1225–K.

United States District Court,
D. Massachusetts.

Sept. 8, 1981.

Vincent A. Murray, Jr., Sarrouf, Murray & Daly, Boston, Mass., for plaintiff.

Marianne Bowler, Asst. U.S. Atty., Boston, Mass., for defendants.

Leo F. Roche, Jr., Richard Heifetz, Darling & McLaughlin, Burlington, Mass., for Utica & Lauranc.

MEMORANDUM and ORDER

KEETON, District Judge.

In May 1979 plaintiff Rose A. Kelly filed this action in the Suffolk Superior Court against defendants "National Flood Insurance Program ("NFIP"), Michael A. Laurano, Jr., and Utica Mutual Insurance Co. ("Utica"). Plaintiff seeks compensation for losses she sustained when her home was destroyed during the February 1978 snowstorm that has come to be known as "the Blizzard of '78."

On June 25, 1979, the Director of the Federal Emergency Management Agency ("FEMA") filed a petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446(d) and requested that the Director be substituted as a party defendant, contending that NFIP is merely a term used to describe the program established pursuant to section 1304 of the National Flood Insurance Act of 1968 ("the Act"), Pub.L. 90–448, 42 U.S.C. § 4011, and that the Director is the real party in interest.[1] *See* 44 C.F.R. § 62.22(a) (1980), *quoted at* n. 7, *infra*. On May 28,

---

1. Before January 1, 1978 the National Flood Insurance Program was operated by an unincorporated association of insurance companies known as the National Flood Insurers Association ("NFIA"). *See* pp. 10–11, *infra*. Although plaintiff's complaint names the NFIP as a de-

1981, the court issued a Memorandum and Procedural Order requesting the parties to be prepared to discuss several jurisdictional issues at a conference. Shortly thereafter, the Director filed a motion to dismiss the action against him for want of subject matter jurisdiction.[2]

The relevant facts, as set forth in the complaint and case management memorandum filed by the plaintiff, are as follows: In May 1973 plaintiff purchased from defendant Laurano a flood insurance policy made available through the NFIP. Upon receiving her renewal notice each year, plaintiff forwarded a check for the amount of her flood insurance premium to defendant Laurano.

On or about May 5, 1976, plaintiff sent a premium payment of $59.00 to defendant Laurano for the purpose of renewing her flood insurance policy. Laurano did not forward the payment to the NFIP (or NFIA), and thus failed to complete arrangements for plaintiff's flood insurance for the year 1976–77. Instead, Laurano deposited her check in his insurance agency's account. Laurano also failed to notify plaintiff that her premium for flood insurance for the year 1977–78 was due. Plaintiff alleges that Laurano's omissions caused her to be without flood insurance coverage when disaster struck in February 1978.

The complaint contains eight counts. Counts I and II are in tort and contract against NFIP (or NFIA), contending that while acting as an agent of NFIP (or NFIA), Laurano violated contractual and other duties to forward plaintiff's premium to NFIP (or NFIA) and to inform her when her policy had expired. Counts III and IV are tort claims against NFIP (or NFIA), which allege that NFIP (or NFIA) unlawfully failed to inform plaintiff that her policy had expired. Counts V and VI are tort and contract claims against Laurano for his alleged failure to satisfy legal and

contractual duties to forward plaintiff's premium to NFIP (or NFIA), and to inform her when her policy expired. Count VII is a claim against NFIP (or NFIA) under Mass.Gen.Laws chs. 93A and 176D. Count VIII alleges Mass.Gen.Laws chs. 93A and 176D claims against Utica, which was apparently defendant Laurano's errors and omissions insurer.[3]

I.

*The Director's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A. Removal Jurisdiction

■ Under 28 U.S.C. § 1441, this court can acquire jurisdiction over an action removed from a state court only if the federal district court would have original jurisdiction over the action, and the action was within the subject matter jurisdiction of the state court in which it was brought. *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 520–22 (1976). Thus, if the state court lacked jurisdiction over the action, this court cannot acquire jurisdiction by removal, even if the action could have been brought here originally.

The parties are quite properly in agreement that plaintiff's action against the Director comes within the original jurisdiction conferred upon this court by the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.* I therefore turn to the question whether this action comes within the original jurisdiction of the Massachusetts Superior Court.

B. State Court Jurisdiction

1. Overview of the Flood Insurance Program

■ A brief discussion of the organization and administration of the NFIP is

<hr>

fendant, one might infer that plaintiff intended to sue the NFIA. *See* p. 13, *infra*.

**2.** In addition, defendant Utica has filed a motion to dismiss the action against it for failure to state a claim. *See* part II, *infra*.

**3.** Both the complaint and Utica's motion to dismiss allege that Utica is the insurer for errors and omissions coverage for defendant Laurano. Plaintiff's case management memorandum, however, alleges that Utica was the servicing company on plaintiff's flood insurance policy. *See id.* at 11.

**10**

helpful for understanding the jurisdictional issues.

42 U.S.C. § 4011 states:

(a) To carry out the purposes of this chapter, the Secretary of Housing and Urban Development ["the Secretary"] is authorized to establish and carry out a national flood insurance program which will enable interested persons to purchase insurance against loss resulting from physical damage to or loss of real property or personal property related thereto arising from any flood occurring in the United States.

(b) In carrying out the flood insurance program the Secretary shall, to the maximum extent practicable, encourage and arrange for—

(1) appropriate financial participation and risk sharing in the program by insurance companies and other insurers, and

(2) other appropriate participation, on other than a risk-sharing basis, by insurance companies and other insurers, insurance agents and brokers, and insurance adjustment organizations,

in accordance with the provisions of subchapter II of this chapter.

Subchapter II provides for the organization and administration of the NFIP. 42 U.S.C. § 4041 directs the Secretary to "implement the flood insurance program authorized under subchapter I of this chapter in accordance with the provisions of part A of this subchapter and, if a determination is made by him under section 4071 of this title, under part B of this subchapter." Parts A and B of subchapter II establish two different regimes for the operation of the NFIP. Part A, 42 U.S.C. §§ 4051–4056, which is entitled "Industry Program with Federal Financial Assistance," created a

system under which the Secretary entered into agreements with a pool consisting of an unincorporated association of private insurance companies, known as the National Flood Insurers Association ("NFIA") in which the pool agreed to supply flood insurance coverage under the terms set forth in the Act. *See generally Commonwealth of Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 16–19 (3d Cir. 1975).

42 U.S.C. § 4053 provides for judicial review of claims made against the pool:

The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with the provisions of this chapter and, upon the disallowance by any such company or other insurer of any such claim or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Until January 1, 1978, the NFIP operated pursuant to part A of subchapter II. Effective that date, the Secretary assumed operational responsibility for the Program under part B of subchapter II, 42 U.S.C. §§ 4071–4072, which is entitled "Government Program with Industry Assistance."[4]

4. 42 U.S.C. § 4071 provides:

(a) If at any time, after consultation with representatives of the insurance industry, the Secretary determines that operation of the flood insurance program as provided under part A cannot be carried out, or that such operation, in itself, would be assisted materially by the Federal Government's assumption, in whole or in part, of the operational responsibili-

ty for flood insurance under this chapter (on a temporary or other basis) he shall promptly undertake any necessary arrangements to carry out the program of flood insurance authorized under subchapter I of this chapter through the facilities of the Federal Government, utilizing, for purposes of providing flood insurance coverage, either—

At that time, the Secretary also assumed liability under all outstanding policies issued by the NFIA.[5] Thereafter, the Director of FEMA was assigned all of the Secretary's rights and responsibilities under the NFIA. Reorganization Plan No. 3 of 1978, § 202, 43 Fed.Reg. 41943 (June 19, 1978), *reprinted in* 5 U.S.C.App. *See Possessky v. National Flood Insurers Association,* 507 F.Supp. 913, 914 (D.N.J.1981).

42 U.S.C. § 4072 authorizes the Secretary (now the Director) to adjust claims for losses covered by flood insurance and provides for judicial review of the disallowance of such claims:

> In the event the program is carried out as provided in section 4071 of this title, the Secretary shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Secretary of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary, may institute an action against the Secretary on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action

> (1) insurance companies and other insurers, insurance agents and brokers, and insurance adjustment organizations, as fiscal agents of the United States.
>
> (2) officers and employees of the Department of Housing and Urban Development, and such other officers and employees of any executive agency (as defined in section 105 of Title 5) as the Secretary and the head of any such agency may from time to time, agree upon, on a reimbursement or other basis, or
>
> (3) both the alternatives specified in paragraphs (1) and (2).
>
> (b) Upon making the determination referred to in subsection (a) of this section, and at least thirty days prior to implementing the program of flood insurance authorized under subchapter I of this chapter through the facilities of the Federal Government, the Secretary shall make a report to the Congress and such report shall—

without regard to the amount in controversy.

The parties are in dispute over which jurisdictional statute, § 4053 or § 4072, controls this action, and over whether the statutes at issue grant the federal courts exclusive jurisdiction over actions brought pursuant to them. The Director contends that plaintiff's claim against him is controlled by § 4072, and that because that section effects a waiver of sovereign immunity, it should be read narrowly so as to confer exclusive jurisdiction on the federal courts. *See Possessky v. NFIA, supra,* 507 F.Supp. at 915–916. Plaintiff argues that the NFIA was subject to suit in the state courts under § 4053, *see Harper v. NFIA,* 494 F.Supp. 234 (M.D.Pa.1980); *Bains v. Hartford Fire Insur. Co.,* 440 F.Supp. 15 (N.D.Ga.1977); *Mason v. NFIA,* 431 F.Supp. 1021 (N.D.Okl.1977); *but see Schultz v. Director, FEMA,* 477 F.Supp. 118 (C.D.Ill. 1979); *Dunkle v. NFIA,* 432 F.Supp. 489 (M.D.Pa.1977), and that by assuming liability for the acts and omissions of the NFIA, the Director should not be able to defeat state court jurisdiction. For the reasons stated below, I conclude that 42 U.S.C. § 4053 grants the state courts concurrent jurisdiction over claims such as plaintiff's claims against the NFIP (or NFIA).

With the exception of the blizzard itself, all of the acts and omissions that allegedly give rise to the defendants' liability to

> (1) state the reasons for such determination,
>
> (2) be supported by pertinent findings,
>
> (3) indicate the extent to which it is anticipated that the insurance industry will be utilized in providing flood insurance coverage under the program, and
>
> (4) contain such recommendations as the Secretary deems advisable.

5. See 44 C.F.R. § 61.15 (1980):

> On January 1, 1978, all Standard Flood Insurance Policies issued by the National Flood Insurers Association prior to January 1, 1978, which have their annual policy period extending into the calendar year 1978, shall be considered to be Standard Flood Insurance Policies issued by the Federal Insurance Administration, Federal Emergency Management Agency,
> . . . .

**12**

plaintiff occurred, or failed to occur, before January 1, 1978, the date on which the Secretary assumed operational responsibility for the National Flood Insurance Program from the NFIA. In ruling on this motion to dismiss for want of jurisdiction, I shall assume that the Secretary's assumption of liability under all NFIA insurance policies outstanding on January 1, 1978, *see* note 5, *supra,* included an assumption of any liability the NFIA might be subject to for violating any duties owed to policy holders before January 1, 1978. Because the essence of plaintiff's claims is that while the Program was operated pursuant to Part A, NFIA and its alleged agent wrongfully failed to ensure that plaintiff continued to receive flood insurance, this action is properly characterized as one arising under § 4053.[6]

I turn to the question whether § 4053 confers exclusive jurisdiction on the federal courts. In *Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), the Supreme Court reviewed the "consistent history of hospitable acceptance of concurrent jurisdiction," *id.* at 508, 82 S.Ct. at 523, in actions arising under federal law:

We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule. This Court's approach to the question of whether Congress has ousted state courts of jurisdiction was enunciated by Mr. Justice Bradley in *Claflin v. Houseman,* 93 U.S. 130 [23 L.Ed. 833], and has remained unmodified through the years. The general question, whether State courts can exercise concurrent jurisdiction with the Federal courts in cases arising under the Constitution, laws, and treaties of the United States, has been elaborately discussed, both on the bench and in published treatises ... [and] the result of these discussions has, in our judgment, been ... to affirm the jurisdiction, where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case. 93 U.S. at 136.

368 U.S. at 507–08, 82 S.Ct. at 522–523 (citations omitted).

The grant of jurisdiction in § 4053 is phrased in permissive terms. The provision states only that an aggrieved claimant "may" institute an action in the United States District Court. It does not address the question whether or not the jurisdiction conferred by the section on the federal court is exclusive. As the court noted in *Harper v. NFIA, supra,* 494 F.Supp. at 238, the legislative history of the section supports the conclusion that § 4053 does not deny the state courts concurrent jurisdiction.

[A]ny claimant, upon disallowance or partial disallowance of a claim, to institute an action, within one year after notice of the disallowance was mailed, in the U.S. District Court for the district in which the insured property or other major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. (*Claimants could, of course, also avail themselves of legal remedies in state courts.*)

[1968] U.S.Code Cong. & Admin.News 2873, 3022 (emphasis supplied).

When viewed in the context of the long established policy favoring concurrent jurisdiction, both the permissive construction used in the statute and the legislative history cause me to conclude that § 4053 does not confer exclusive jurisdiction over actions arising under the Act in the federal courts. See *Harper v. NFIA, supra.* Therefore, because Mass.Gen.Laws ch. 212, § 4 grants the Superior Court "original jurisdiction of all civil actions, except those of

---

**6.** Accordingly, I need not decide whether § 4072 confers exclusive jurisdiction on the federal courts for actions arising after the Secretary assumed operational responsibility for the NFIP. *See Possessky v. NFIA, supra.*

which other courts have exclusive original jurisdiction," I conclude that the Superior Court had original jurisdiction over plaintiff's action against the NFIP (or NFIA).

The Director's request to be substituted for NFIP (or NFIA) as the real party in interest raises the additional question whether the action in the Superior Court was barred by the United States' sovereign immunity. Whether the Director should be substituted for the NFIA as the sole real party in interest depends on whether the assumption of liability by FEMA extinguishes any liability NFIA may be subject to for its acts and omissions involving plaintiff. That issue is not now before the court. But even if the Director were the only proper defendant, I would conclude that the Superior Court had original jurisdiction over this action.

As the Director points out, "[p]laintiff's claims are based on the duties and obligations owed him by the National Flood Insurance Association, as set forth in 42 U.S.C. § 4001 *et seq.*" Director's Memorandum in Opposition at 2. The Director's presence in the suit results from the assumption by FEMA of liabilities incurred by the NFIA for failing to satisfy its "duties and obligations." *See* note 5, *supra.*

> In conjunction with this assumption, the Secretary [now the Director] agreed to assume responsibility for the continuation of coverage under policies issued by the Association, *including the defense of pending claims asserted to such policies.*

This change in parties has no effect on the rights of ... plaintiffs under the policies issued to them.

*West v. Harris,* 573 F.2d 873, 875 n. 1 (5th Cir. 1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979) (emphasis supplied). The manifest purpose of this assumption of liabilities would be defeated if state court jurisdiction over actions brought under § 4053 could be avoided simply because the Director assumed NFIA's liabilities.[7]

In this case plaintiff contends that the NFIA, not the Director, violated duties owed to her. The complaint may be construed as naming NFIA (by misnomer designated NFIP, *see* note 1, *supra*) as defendant. The Director's motion to be substituted as party defendant pursuant to FEMA's assumption of NFIA's liabilities coincided with his removal of the action to the federal district court. In these circumstances, I conclude that FEMA's assumption of NFIA's liabilities did not defeat the state court's jurisdiction over this action, and that therefore this court has jurisdiction over the action. Accordingly, the Director's motion to dismiss will be denied.

## II.

### *Utica's Motion to Dismiss*

Utica's motion to dismiss under Fed. R.Civ.P. 12(b)(6), which plaintiff opposes, consists of a one-sentence motion and an

---

7. This conclusion is supported by a change in the language of the regulations providing for suit under § 4053. In 1977 the regulation, 24 C.F.R. § 1922.22, provided in relevant part:

> Upon the disallowance of the Association or its agents of any claim ... the claimant ... may, pursuant to 42 U.S.C., section 4053, institute an action on such claims against the association, *only* in the U.S. District Court for the district in which the injured property ... shall have been situated ....

(Emphasis supplied.) In 1979 the word "only" was deleted from § 1922.22. 24 C.F.R. § 1922.22 (1979). The current regulations, which provide for suit against the Director under § 4053, also do not contain the word "only":

> § 62.22 Judicial Review.

> (a) Upon the disallowance by the Federal Insurance Administration or the servicing agent of any claim on grounds other than failure to file a proof of loss, or upon the refusal of the claimant to accept the amount allowed upon any such claim, after appraisal pursuant to policy provisions, the claimant within one year after the date of mailing by the Federal Insurance Administration or the servicing agent of the notice of disallowance or partial disallowance of the claim may, pursuant to 42 U.S.C. 4053, institute an action on such claim against the Director of the Federal Emergency Management Agency in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated, without regard to the amount in controversy.

44 C.F.R. § 62.22 (1980).

affidavit filed by Utica's counsel stating that Utica was defendant Laurano's errors and omissions carrier and that Utica owed no duty to plaintiff. In light of the conclusory nature of the affidavit and the fact that other parties have not been given a reasonable opportunity to present materials in opposition, I decline to treat the motion as one for summary judgment. *See* Fed.R. Civ.P. 12(b). Because it requests the court to make fact determinations that are not proper in ruling on a motion to dismiss, Utica's motion to dismiss will be denied.

### III.

For the reasons stated above, it is hereby ORDERED that:

(1) the Director's Motion to Dismiss is denied; and

(2) Utica's Motion to Dismiss is denied.