Eduardo **SANTIAGO SANCHEZ**, Plaintiff(s),

v.

**GATE ENGINEERING, CORP.,** Defendant(s).

**CIVIL NO. 01–2685 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 14, 2002.

Ruben Gonzalez, San Juan, PR, for plaintiff.

Raymond E. Morales–Ortiz, San Juan, PR, for defendant.

**OPINION AND ORDER**

GARCIA GREGORY, District Judge.

Defendant Gate Engineering, Corp. ("Gate") removed plaintiff Edgardo Santiago's ("Santiago") complaint from the Puerto Rico Court of First Instance, Bayamón Superior Part, on the basis of federal question jurisdiction. Santiago brought suit against Gate seeking to enforce an "Arbitration Award" pursuant to *Maria Bruno López v. Motorplan, Inc.,* 134 D.P.R. 111, 115, 1993 WL 839816 (1993). Santiago has moved to remand, contending that the complaint was brought pursuant to state law, and not under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, nor any other federal law. Upon review of the record the Court **DENIES** the motion to remand.

## FACTUAL BACKGROUND

Santiago worked as a maintenance employee at Watpro Services, Inc. ("Watpro"). Watpro provided cleaning services to several federal government agencies in Puerto Rico. On October 28, 1999 Mr. Adail Campos, General Supervisor at Watpro terminated Santiago's employment due to his alleged pattern of absenteeism. Santiago filed a grievance suit, through his labor union (Central Federation of Workers)("Central"), at the Bureau of Conciliation and Arbitration, Puerto Rico Department of Labor and Human Resources ("Bureau"). The Bureau held that Santiago did not breach the absence and tardiness policy that prevailed at Watpro, and entered an "Arbitration Award" ordering Watpro to immediately reinstate Santiago in his position, in addition to paying Santiago all lost wages and benefits from the date of his termination until the date of his reinstatement. Watpro never reinstated Santiago, nor did it pay his lost wages and benefits.

In December of 2000, Gate started providing the cleaning services that Watpro formerly provided. On February 2, 2001, Andrés Lloret, Secretary–Treasurer of Central, requested Gate to reinstate Santiago, and to pay his lost wages and benefits due to the fact that Gate succeeded Watpro as the "Successor Employer". Gate refused to acknowledge the "Arbitration Award", and refused to reinstate Santiago in the position he held at Watpro, and to pay his lost wages and benefits since his termination.

Santiago filed a complaint in the Puerto Rico Court of First Instance, Bayamón Superior Part, seeking declaratory judgment to deem Gate as Santiago's "Successor Employer" pursuant to *Motorplan, Inc.*

Gate removed the case to this Court asserting that the "Arbitration Award" in question came about as a result of a collective bargaining agreement ("CBA") between an employer, Watpro, and a labor organization, Central, and that the enforcement of the "Arbitration Award" does not arise under local law, but under the LMRA, 29 U.S.C. § 185. *See Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

## DISCUSSION

■ Federal question jurisdiction depends on the "well-pleaded complaint rule", which precludes the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint. *See City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936). This Court, confronted with a question of subject matter jurisdiction must review Santiago's complaint not on the merits, but to determine whether the Court would have had original jurisdiction of the case had it been filed in federal court. 28 U.S.C. § 1441(b).

■ Section 301 of the LMRA completely preempts state law claims over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a)[1]. Actions arising under section 301 are controlled by federal substantive law even though they are brought in a state court.

---

1. Here it is irrelevant that the complaint was filed by Santiago and not by Central. Both are bound by the collective bargaining agreement and hence the suit remains one under Section 301 of the LMRA. *See Smith v. Eve-* *ning News Assn.,* 371 U.S. 195, 200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Espino v. Volkswagen De P.R., Inc.,* 289 F.Supp. 979, 982 (D.P.R.1968).

*See Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The artful pleading doctrine allows removal where federal law completely preempts plaintiff's state-law claim; in such cases, any claim purportedly based on preempted state-law claim is considered, from its inception, a federal claim arising under federal law. *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 471, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Under the artful pleading doctrine this Court is empowered to look beneath the face of the complaint to ascertain the true underlying nature of Santiago's claim, to determine whether Santiago has attempted to defeat removal by asserting a federal claim dressed up in the trappings of state law, and to assert jurisdiction over such a claim. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103,(1981). "[T]he question which controls preemption disputes under section 301 [of the LMRA]is, simply, whether a state law action is based, in its essence, on a claim of rights or duties under a collective bargaining agreement." *Fant v. New England Power Service Co.,* 239 F.3d 8, 13 (1st Cir.2001) *citing: The Developing Labor Law,* 1699 (Patrick Hardin et al. eds., 3d ed.1992) (1971). A state law claim depends upon the meaning of the CBA if the conduct at issue constitutes a breach of duty under the CBA or resolution of the controversy hinges on a construction of the CBA. *Id.* at 15.

■ The controversy in the present case is whether Gate is the "Successor Employer" of Watpro and, therefore, obliged to comply with the "Arbitration Award" issued by the Bureau. Santiago argues that Gate, as "Successor Employer" to Watpro, is bound by the "Arbitration Award". Santiago relies on *Motorplan Inc.,* which provides, among other things, that when one employer substitutes another through a corporate merger or a transfer of assets, the successor employer is responsible for its predecessor's labor obligations. *See also J.R.T. v. Asoc. C. Playa Azul I,* 117 D.P.R. 20 (1986); *J.R.T. v. Coop. Azucarera,* 98 D.P.R. 314 (1970); *J.R.T. v. Club Nautico,* 97 D.P.R. 386 (1969); *Beaunit of Puerto Rico v. J.R.T.,* 93 D.P.R. 509 (1966). Santiago, therefore, characterizes his complaint as one brought exclusively pursuant to state law. He argues that the state claim is not based, in its essence, on the CBA nor any other federal law. The Court disagrees.

■ It is uncontested that the Arbitrator interpreted the CBA to render the "Arbitration Award". In the complaint Santiago requests the Court to enforce the "Arbitration Award" by ordering Gate to reinstate him and to pay him the lost wages and benefits to which he is entitled pursuant to the "Arbitration Award". Thus, the rights that Santiago seeks to enforce through his complaint draw their essence from the Arbitrator's interpretation of the CBA. It is well settled that specific enforcement of an "Arbitration Award" ordering reinstatement and back pay to individual employees does not arise under local law, but under section 301 of the LMRA, 29 U.S.C. § 185. *See United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) cited in *Smith v. Evening News Assn.,* 371 U.S. at 199, 83 S.Ct. 267. *See also Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206,(1985); *Magerer v. John Sexton & Co.,* 912 F.2d 525, (1st Cir.1990); *Oquendo v. Dorado Beach Hotel Corp.,* 382 F.Supp. 516, 518 (D.P.R.1974).

■ Furthermore, the "Successor Employer" doctrine was originally established

not by the Puerto Rico Supreme Court but by the United States Supreme Court and other federal courts to protect the provisions of collective bargaining agreements from corporate mergers or transfer of assets so they would be binding against "Successor Employers". Hence, pursuant to federal law, Gate, if deemed to be Watpro's "Successor Employer", is responsible for its predecessor's labor obligations under the CBA and the "Arbitration Award". *See John Wiley & Sons v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Golden State Bottling Co. v. N.L.R.B.,* 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). In sum, the "Successor Employer" doctrine is a federal labor law claim that the Puerto Rico Supreme Court has engrafted to state law labor claims. Accordingly, "the substantive law to apply in suits under Section 301 is federal law, which courts must fashion from the policy of our National Labor Laws', and, 'any State law applied will be absorbed as federal law and will not be an independent source of private rights." *See Textile Workers Union v. Lincoln Mills,* 353 U.S. at 456–457, 77 S.Ct. 912.

### CONCLUSION

The Court has subject matter jurisdiction over Santiago's "Successor Employer" claim and the enforcement of the "Arbitration Award". Accordingly the Court will not remand the case back to the Puerto Rico State Court. For the foregoing reasons the Court **DENIES** Santiago's motion to remand. (Docket # 4).

IT IS SO ORDERED.